UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

E-VENTURES WORLDWIDE, LLC,

Plaintiff,

v.

Case No.: 2:14-cv-646-FtM-29CM

GOOGLE INC.

Defendant.

_______________________________/

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and M.D. Fla. R.3.05(c):

| ***DEADLINE OR EVENT*** | ***AGREED DATE*** |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(l) as amended effective December 1,2000) [Court recommends ***30*** days after CMR meeting] | March 30, 2015<br><br>Defendant's stipulation to a March 30, 2015, date is without prejudice to its right to move to stay discovery pending the Court's ruling on Google's Motion to Dismiss. |
| Certificate of Interested Persons and Corporate Disclosure Statement [each party who has not previously filed must file immediately] | Completed |
| Motions to Add Parties or to Amend Pleadings [Court recommends 1 - 2 months after CMR meeting] | 30 days after the Court's ruling on Google's Motion to Dismiss |
| Disclosure of Expert Reports Plaintiff: Defendant:<br>[Court recommends last exchange 6 months before trial and 1 - 2 months before discovery deadline to allow expert depositions] | September 4, 2015<br>September 18, 2015<br>Rebuttal: October 9, 2015 |
| Discovery Deadline<br>[Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be | November 2, 2015 |

| | |
|---|---|
| completed before this date] | |
| Dispositive Motions, *Daubert,* and *Markman* Motions [Court requires 4 months or more before trial term begins] | December 1, 2015 |
| Meeting In Person to Prepare Joint Final Pretrial Statement [10 days before Joint Final Pretrial Statement] | January 22, 2016 |
| Joint Final Pretrial Statement (Including a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (with diskette), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form) [Court recommends 6 weeks before Final Pretrial Conference] | February 1, 2016 |
| All Other Motions Including Motions In Limine, Trial Briefs [Court recommends 3 weeks before Final Pretrial Conference] | February 12, 2016 |
| Final Pretrial Conference [Court will set a date that is approximately 3 weeks before trial] | Week of March 14, 2016 |
| Trial Term Begins<br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term **must not** be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | April 4, 2016 |
| Estimated Length of Trial [trial days] | 5 days |
| Jury / NonJury | Plaintiff requests jury trial |
| Mediation Deadline:<br>Mediator:<br>Address:<br>Telephone:<br><br>[Absent arbitration, mediation is *mandatory;* Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | Plaintiff proposes a May 1, 2015, deadline with a mediation settlement conference before the Magistrate Judge.<br><br>Defendant believes that an early mediation will prove unproductive. Defendant proposes conducting mediation just after the close of discovery, at which point the mediator will have the benefit of a complete factual record to compare the parties' respective positions and to evaluate what |

| | |
|---|---|
| | might be reasonable terms for settlement. Defendant opposes a settlement conference before the Magistrate Judge. |
| All Parties Consent to Proceed Before Magistrate Judge | Yes____ No _X_<br><br>Likely to Agree in Future __No__ |

## I. Meeting of Parties in Person

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise. Counsel will meet in the Middle District of Florida, unless counsel agree on a different location. Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1] a meeting was held by telephone with Court permission on January 9, 2015 at 10:00 a.m. and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Alexis Arena | E-Ventures Worldwide, LLC |
| Nathan Berman | Google Inc. |
| Brian Willen | Google Inc. |

## II. Preliminary Pretrial Conference

Local Rule 3.05(c)(30)(B) provides that preliminary pretrial conferences are **mandatory in Track Three cases.**

**Track Two cases:** Parties (check one) [_____] request [__X___] do not request a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

________________________________________

________________________________________

________________________________________

________________________________________

[1] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

## III. Pre-Discovery Initial Disclosures of Core Information

**Fed. R. Civ. P. 26(a)(1)(C) – (D) Disclosures**

Fed. R. Civ. P. 26, as amended, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the court (the amendment(s) to Rule 26 supersede(s) M.D. Fla. Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties _____ have exchanged __X___ agree to exchange (check one)

information described in Fed. R. Civ. P. 26(a)(1)(C) – (D)

_____ on _X____ by (check one) __March 30, 2015___ (date).

Below is a description of information disclosed or scheduled for disclosure.

Defendant's stipulation to a March 30, 2015 date for the exchange of initial disclosures is without prejudice to its right to move to stay discovery pending the Court's ruling on Google's Motion to Dismiss. Defendant believes that it would be inefficient to conduct significant discovery while its case-dispositive motion to dismiss is pending particularly where the factual allegations underlying Plaintiff's claims remain in flux.

## IV. Agreed Discovery Plan for Plaintiffs and Defendants

### A. Certificate of Interested Persons and Corporate Disclosure Statement-

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper - including emergency motion - is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required Certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

______X____ Yes

_________ No    Amended Certificate will be filed by ____________ (party) on or before ____________________ (date).

**B. Discovery Not Filed -**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. See M.D. Fla. 3.03(e). The parties further agree as follows:

No further agreements.

**C. Limits on Discovery -**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1. Depositions

Parties agree to be governed by limitations in the Local Rules and the Rules of Civil Procedure.

2. Interrogatories

Same as above.

3. Document Requests

Same as above.

4. Requests to Admit

Same as above.

5. Supplementation of Discovery

Same as above.

**D. Discovery Deadline -**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

No further agreements.

**E. Disclosure of Expert Testimony -**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

No further agreements.

**F. Confidentiality Agreements -**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. See Brown v. Advantage Engineering, Inc., 960 F.2d 1013 (11th Cir. 1992); Wilson v. American Motors Corp., 759 F.2d 1568 (11th Cir. 1985). A party seeking to tile a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. (See M.D. Fla. R. 1.09). The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. See M.D. Fla. R. 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

The parties will make a good faith effort to prepare and agree to a mutually acceptable confidentiality agreement.

**G. Electronically Stored Information and Claims of Privilege –**

Pursuant to Fed. R. Civ. P. 16, the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production:

No additional agreements.

**H. Other Matters Regarding Discovery-**

No other agreements.

## V. Settlement and Alternative Dispute Resolution.

**A. Settlement -**

The parties agree that settlement is

______ likely ______ unlikely (check one)

The parties did not reach a consensus on the likelihood of settlement.

The parties request a settlement conference before a United States Magistrate Judge.

______ yes ______ no ______ likely to request in future

Plaintiff believes that this would be helpful. Defendant does not request a settlement conference before a United States Magistrate Judge.

**B. Arbitration -**

Local Rule 8.02(a) defines those civil cases that will be referred to arbitration automatically. Does this case fall within the scope of Local Rule 8.02(a)?

_____ yes __X__ no

For cases **not** falling within the scope of Local Rule 8.02(a), the parties consent to arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b):

_____ yes __X__ no _____ likely to agree in future

_____ Binding _______ Non-Binding

In any civil case subject to arbitration, the Court may substitute mediation for arbitration upon a determination that the case is susceptible to resolution through mediation.

Local Rule 8.02(b). The parties agree that this case is susceptible to resolution through mediation, and therefore jointly request mediation in place of arbitration:

_____ yes _____ no _____ likely to agree in future

**C. Mediation -**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

Plaintiff proposes a deadline of May 1, 2015, with a mediation settlement conference before the Magistrate Judge.

Defendant believes that an early mediation will prove unproductive. Defendant proposes conducting mediation just after the close of discovery, at which point the mediator will have the benefit of a complete factual record to compare the parties' respective positions and to evaluate what might be reasonable terms for settlement. Defendant opposes a settlement conference before the Magistrate Judge.

**D. Other Alternative Dispute Resolution -**

The parties intend to pursue the following other methods of alternative dispute resolution:

Not applicable.

Date: January 23, 2015

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

s/ Alexis Arena (admitted *pro hac vice*)
FLASTER/GREENBERG P.C. 1600 JFK Blvd., Suite 200
Philadelphia, PA 19103
215-279-9908
alexis.arena@flastergreenberg.com

John Christian Clough, Esq.
Florida Bar No. 0184391
Zung Clough, PLLC
8985 Fontana del Sol Way
Naples, FL 34109
239-449-5561
jclough@zungclough.com

*Counsel for Plaintiff e-ventures Worldwide, LLC*

*s/ Nathan M. Berman*
NATHAN M. BERMAN
Fla. Bar No. 0329230
Zuckerman Spaeder LLP
101 East Kennedy Blvd.
Suite 1200
Tampa, FL 33602
Tel: (813) 221-1010
Fax: (813) 223-7961
nberman@zuckerman.com

DAVID H. KRAMER (admitted *pro hac vice*)
COLLEEN BAL (admitted *pro hac vice* )
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304
dkramer@wsgr.com
cbal@wsgr.com

BRIAN M. WILLEN (admitted *pro hac vice*)
Wilson Sonsini Goodrich & Rosati
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
bwillen@wsgr.com

*COUNSEL FOR GOOGLE INC.*