IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| e-ventures Worldwide, LLC,<br><br>    Plaintiff,<br><br>        v.<br><br>GOOGLE, INC.,<br><br>    Defendant. | Civil Action No. 2:14-cv-00646-JES-CM |

**OPPOSED MOTION FOR LEAVE TO FILE AN ADDITIONAL SUBMISSION RESPONDING TO NEW ISSUES RAISED IN GOOGLE'S REPLY BRIEF**

Pursuant to Local Rule 3.01(c) and (d), Plaintiff e-ventures Worldwide, LLC, hereby respectfully moves for leave to file, no later than five (5) days after the grant of this Motion, a supplemental submission of no more than five (5) pages addressing only the new arguments improperly raised by defendant Google, Inc. ("Google"), for the first time in Google's reply brief. Specifically, going well beyond the scope of Google's Motion to Dismiss and Plaintiff's Opposition papers, Google's Reply attaches and mischaracterizes a new document, suddenly asserting that this case should be transferred to California. Google's unjustified failure to include these arguments in its initial Motion to Dismiss (or in a motion to transfer) should not deprive Plaintiff of an opportunity to respond.

**MEMORANDUM**

1. **There is no justification for Google's failure to raise these new arguments (if Google was going to raise them) in Google's initial Motion to Dismiss.**

Google claims to have been blindsided by Plaintiff's Opposition's statement that Google removed Plaintiff's websites from both its paid and unpaid search listings. In its Reply, Google half-heartedly argues that California is the proper forum for Plaintiff's claims, because Plaintiff's

4631358 v1

paid search listings were also delisted or excluded by Google.  However, this fact was apparent at all times to Google, not only from Google's own records, but from the Complaint:

- Plaintiff's Complaint states: "Currently…e-ventures' actual corporate websites are absent from Google's ***paid and unpaid*** search listings."  Compl., ¶ 46 (emphasis added).

- "Google is still manually excluding all of e-ventures' websites from appearing ***anywhere*** in Google search results." Complaint, at ¶ 1 (emphasis added). "Anywhere" includes both Google's paid and unpaid search results.

- "Google removed 231 of e-ventures' 232 websites ***from its search results***, for no apparent reason other than the websites' affiliation with e-ventures." Compl., ¶ 3 (emphasis added).

- "Google's manual actions [] exclude e-ventures' websites ***from Google's search results***."  Compl., ¶ 5 (emphasis added).

- Plaintiff is a "consumer" as defined under the Florida Deceptive and Unfair Trade Practices Act.  Compl., ¶ 51.

- Google appeared to be "permanently ***'banning' e-ventures from its search listings***, 'punishing,' or 'censoring' e-ventures."  Compl., ¶ 58 (emphasis added).

- Plaintiff's Preliminary Injunction Motion, which was filed over a month prior to Google's Motion to Dismiss, also noted that: "Since the filing of e-ventures' Complaint, some of e-ventures' websites have been relisted in Google's search results, but others are still being manually excluded from Google's ***paid and unpaid*** search listings." Docket No. 11, at 1 (emphasis added).  The Motion and the attached Verification also specifically referenced Plaintiff's prior and ongoing participation in Google "AdWords."  *Id*.

- Finally, prior to this litigation, Google itself notified Plaintiff, between September 19 and October 1, 2014, that Plaintiff's websites were being removed by Google both from Google's ***paid and unpaid*** search listings.  It was also apparent from the cease and desist communications that preceded this litigation that both paid and unpaid search results were excluded.

Notwithstanding that Google has known the exact nature of Plaintiff's factual allegations from the very beginning, and has already agreed to case management deadlines ***in this forum***, Google's Reply now states, without any legal support: "Insofar as e-ventures actually wants to

2

litigate a case about the removal of its paid listings,[1] [] it is contractually barred from doing so in this Court or under Florida law." Reply, at 2. Google then goes further and, without any citation to legal authority (and contrary to the applicable legal authority) argues that Plaintiff is entirely barred from pursuing a FDUTPA claim because: (1) Plaintiff is not a consumer as to the *unpaid* search listings, it is only a consumer as to the *paid* search listings; and (2) Plaintiff is precluded from asserting a FDUTPA claim in *any* forum due to the forum selection clause. Reply, at 7. These arguments are completely new, unsubstantiated, and contrary to the applicable law.

Moreover, Google's *forum non conveniens* arguments are not arguments to make in support of a F.R.C.P. 12(b)(6) motion to dismiss for failure state a claim. The legal standards governing a Rule 12 motion and a § 1404(a) motion are not the same. *See Atlantic Marine Construction Co. v. United States District Court for Western District of Texas*, -- U.S. --, 134 S.Ct. 568 (2013) ("[A] forum selection clause does not render venue in a court 'wrong' or 'improper' within the meaning of § 1406(a) or Rule 12(b)(3), [but] the clause may be enforced through a motion to transfer under § 1404(a).") If Google is really asserting that this case should be transferred to California under the newly-cited forum selection clause, then as held by the U.S. Supreme Court, Google should file a motion to transfer under 28 U.S.C. §1404(a), to which Plaintiff would be permitted to submit a 20 page Opposition detailing the reasons why the case should **_not_** be transferred and why Google's arguments are faulty.[2]

---

[1] As Google is aware, what Plaintiff is litigating is a case about Google's defamation, tortious interference, and FDUPTA violations, acknowledging Google's actions in preventing *all* of Plaintiff's search results from being displayed *anywhere* in Google's search listings. Without discovery, Plaintiff does not know the mechanics of how Google accomplished this, but believes that Plaintiff's paid listings were automatically excluded following Google's exclusion of the unpaid search listings. In other words, Plaintiff believes that the paid exclusion was a byproduct of the unpaid exclusion.

[2] As would be explained in any such submission, the cited forum selection clause applies only to "all claims arising out of or relating to these Terms or the Programs." "Programs" is defined as

3

Finally, these arguments obviously exceed the boundaries of what is appropriate for a reply brief. *See Tardif v. People for the Ethical Treatment of Animals,* No. 2:09–cv–537–FtM–29SPC, 2011 WL 2729145, *2 (M.D. Fla. July 13, 2011) ("The purpose of a reply brief is to rebut any new law or facts contained in the opposition[']s response to a request for relief before the Court.")  Google should not be permitted to wait until its Reply brief to raise these arguments, and in doing so, deprive Plaintiff of an opportunity to respond.  As stated above, there was no justification for waiting.

**2. As recently as last week, Google denied that it ever removed or excluded Plaintiff's paid search listings.**

Part of the explanation for the confusion in this matter may be that Google is still investigating its own conduct towards Plaintiff and moved to dismiss without completing that investigation.  As recently as last week, Google's attorneys argued that Plaintiff's websites were ***never*** removed or excluded from Google's paid search listings.  Implicitly acknowledging that this factual allegation *is in the Complaint*, Google's attorneys went so far as to threaten to file a Rule 11 motion on the basis that they suspected that this factual allegation was inaccurate. *See* January 21, 2014 Email, Exhibit A.  Now, in its Reply, Google seems to acknowledge that this factual allegation *is* accurate.  Google's Motion to Dismiss should not be granted where Google has not even completed its investigation into its own conduct towards Plaintiff.  Clearly, factual disputes remain.

---

"Google's advertising programs and services [] that are accessible through the account(s) given to Customer in connection with these Terms…"  Among other things, plaintiff's claims for defamation, tortious interference, and FDUTPA violations do not arise out of or relate to the Terms or the Programs.

4

WHEREFORE, Plaintiff requests that that Court grant Plaintiff leave to file, no later than five (5) days after the grant of this Motion, an additional submission of no more than five (5) pages in length.

### **Certification Pursuant to Local Rule 3.01(g)**

The undersigned counsel certifies that she conferred with opposing counsel on this issue between January 27-28, 2015, and Google did not consent to the Motion.  Although there has been no briefing by Plaintiff on any issues related to the forum selection clause, Google stated that it believed that the issues raised had been "fully briefed."

                        Respectfully submitted,

Dated:  January 29, 2015

                        Alexis Arena, Esquire
                          alexis.arena@flastergreenberg.com
                        **FLASTER/GREENBERG P.C.**
                        1600 JFK Blvd., 2nd Floor
                        Philadelphia, PA  19103
                        (215) 279-9908 (phone)
                        *Attorneys for Plaintiff*

### **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 29th day of January 2015, I electronically filed the foregoing Opposed Motion for Leave to File an Additional Submission with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

                        /s/ Alexis Arena
                        Alexis Arena

# EXHIBIT A

# Arena, Alexis

| | |
|---|---|
| **From:** | Arena, Alexis |
| **Sent:** | Wednesday, January 21, 2015 10:07 AM |
| **To:** | 'Berman, Nathan'; 'Willen, Brian' |
| **Subject:** | Threatened Rule 11 motion |

Nathan and Brian,

In our conference call yesterday, you threatened to file a Rule 11 motion because Google disputes that e-ventures' paid ads were ever excluded from Google's paid search listings. I can confirm that this factual allegation in the Complaint (specifically, see Paragraph 1) has a great deal of evidentiary support. As discussed, I suggest that you look further into these facts with your client.

If you would like to follow through on your threat to file a Rule 11 motion based upon your misunderstanding of the facts in this case, then we will likely file a Rule 11 motion in response. It's obvious that the parties have a number of factual disputes in this case, which cannot be resolved on a motion to dismiss.

Alexis

**Alexis Arena**
**Flaster/Greenberg PC**

4 Penn Center, 1600 JFK Blvd., 2nd Floor, Philadelphia, PA 19103
PHONE: 215-279-9908 FAX:215-279-9394

email l bio l offices  l v-card