**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| e-ventures Worldwide, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>Google Inc.,<br><br>        Defendants. | Civil Action No. 2:14-cv-00646-JES-CM |

**GOOGLE'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY IN FURTHER OPPOSITION OF GOOGLE'S MOTION TO DISMISS**

Defendant Google Inc. ("Google") opposes Plaintiff's request to file yet another submission in support of its opposition to Google's Motion to Dismiss.

The very first paragraph of Plaintiff's complaint makes clear that the claims are "based upon Google's conduct in completely removing almost every website associated with e-ventures from Google's 'natural' search listings." Compl. ¶ 1. After seeing Google's motion to dismiss (and Google's opposition to Plaintiff's now withdrawn motion for a preliminary injunction), Plaintiff decided to advance a new, unpleaded theory about advertising. Rather than amend the complaint to include claims based on the alleged removal of e-ventures' ads from Google's paid search listings, Plaintiff tried to use its opposition to Google's motion to dismiss to inject those new factual allegations into the case. In response, Google filed a reply brief explaining the problems with Plaintiff's belated and procedurally improper strategy. That should be the end of the matter. There is no cause for further briefing in connection with Google's motion.

In seeking leave to file a sur-reply, Plaintiff contends that the complaint *did* encompass allegations about Google's paid search listings, so Google should have addressed that issue in its motion to dismiss. That plainly is not so. The only paragraph of the complaint that even *mentions* paid listings says merely that e-ventures' "actual corporate websites are absent from Google's paid and unpaid search listings." Compl. ¶ 46. This is not an allegation that those sites previously appeared in paid listings or that Google removed them. The other statements to which Plaintiff now points refer simply to "search results" (or come from materials outside the complaint), and they did nothing to extend Plaintiff's claims beyond the allegations regarding natural search set out in the opening paragraph of the complaint. That Plaintiff's theory about paid search listings is not in the complaint is confirmed by the fact that Plaintiff tried to support its new allegations by submitting a factual declaration from its CEO along with its opposition brief. Having employed these bait-and-switch tactics, Plaintiff cannot now complain that it has not been able to respond to Google's arguments regarding its advertising allegations.

A sur-reply is particularly unwarranted because, even if the new allegations were properly before the Court (and they are not) they would not save Plaintiff's case. As Google has explained, the complaint fails regardless of whether it encompasses the removal of unpaid or paid search listings. And nothing Plaintiff has said or could say would change that. Not surprisingly, therefore, the substance of Plaintiff's proposed new submission is misleading and irrelevant. Plaintiff says that Google's argument about the forum-selection clause in the AdWords agreement is not properly raised in a motion to dismiss. But Google has not asked the Court to transfer the case. The discussion of the forum-selection clause in Google's reply brief simply highlights yet another problem with Plaintiff's effort to transform the case into one about advertising. If the Court were to allow Plaintiff to pursue claims arising from the alleged removal of its ads, the AdWords agreement would govern those claims and, at the appropriate time,

-3-

Google would present arguments based on the forum-selection and choice-of-law provisions in that contract. But given the actual allegations in the complaint, those arguments are premature.[1]

Equally misguided is Plaintiff's claim that Google "threaten[ed]" a Rule 11 motion or "acknowledge[ed]" that allegations directed at paid search listings are "in the complaint." Plaintiff Mot. at 4. Upon seeing Plaintiff's new advertising allegations *in its opposition brief*, Google's counsel informed Plaintiff's counsel that it was investigating those claims and inquired as to what basis Plaintiff had for making them consistent with Rule 11. That was all. Nor does Google's reply brief acknowledge that any allegation about the removal of e-ventures' ads "is accurate." *Id.* Google's brief does not address the accuracy of those claims, but instead explains that they are procedurally improper and legally irrelevant.

In sum, the Court should not reward Plaintiff's procedural stratagems by allowing it to have the last word on Google's motion to dismiss. That motion is ready for decision and should be granted without further ado.

---

[1] Despite what Plaintiff appears to suggest, Google's participation in the case management process, including filing a joint case management report as required by this Court's rules, has no effect on its ability to file a § 1404 motion to transfer the case to California (much less to make arguments about the separate choice-of-law provision in the AdWords Agreement) should Plaintiff succeed in its effort to make this case into one about advertising.

| | |
|---|---|
| Dated: February 3, 2015 | Respectfully submitted, |
| | s/ *Nathan M. Berman* |
| DAVID H. KRAMER (admitted *pro hac vice*) | NATHAN M. BERMAN |
| COLLEEN BAL (admitted *pro hac vice* ) | Fla. Bar No. 0329230 |
| Wilson Sonsini Goodrich & Rosati | Zuckerman Spaeder LLP |
| 650 Page Mill Road | 101 East Kennedy Blvd. |
| Palo Alto, CA 94304 | Suite 1200 |
| dkramer@wsgr.com | Tampa, FL 33602 |
| cbal@wsgr.com | Tel: (813) 221-1010 |
| | Fax: (813) 223-7961 |
| BRIAN M. WILLEN (admitted *pro hac vice*) | nberman@zuckerman.com |
| Wilson Sonsini Goodrich & Rosati | |
| 1301 Avenue of the Americas, 40th Floor | COUNSEL FOR GOOGLE INC. |
| New York, NY 10019 | |
| bwillen@wsgr.com | |

### CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2015, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system.

                                                  /s/ Nathan M. Berman
                                                  Nathan M. Berman