UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

E-VENTURES WORLDWIDE, LLC

    Plaintiff,

v.

GOOGLE INC.,

    Defendant.
_____/

Case No. 2:14-cv-646-FtM-29CM

## GOOGLE INC.'S MOTION TO STAY DISCOVERY AND PRETRIAL DEADLINES

Defendant Google Inc. ("Google") hereby moves for an order staying discovery and all deadlines included in the Case Management and Scheduling Order (Dkt. 51) until the Court has ruled upon Google's pending Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 58) and Motion to Transfer (Dkt. 57).

## MEMORANDUM OF LAW

### I. INTRODUCTION

After this Court dismissed Plaintiff e-ventures Worldwide LLC's ("e-ventures") complaint for including impermissible "shotgun" allegations, Plaintiff filed its First Amended Complaint ("FAC"). The FAC is largely a retread of the original complaint, though it adds some new allegations about the removal of e-ventures' advertisements as well as a claim under the Lanham Act.  Google has moved to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff's claims are barred by federal law (both the Communications Decency Act ("CDA"), 47 U.S.C. § 230(c)(2) and the First Amendment) and because Plaintiff fails to state a viable legal theory under the various state and federal-law claims it advances. (Dkt. 58).  In addition, because e-ventures' use of Google's AdWords program is governed by a binding forum-

selection clause, Google has moved to transfer this case to the Northern District of California. (Dkt. 57).  Plaintiff has yet to respond to Google's motions, which, if successful, would either end this case altogether or move it to California for all further proceedings. Nevertheless, Plaintiff has now served Google with sweeping discovery requests that would impose significant burdens on Google and that have no bearing on the motions now before the Court.[1]  Plaintiff has made these requests even though it previously agreed to put off discovery until after the resolution of Google's Motion to Dismiss the original complaint.  Allowing discovery to proceed in these circumstances would be an illogical waste of the parties' and judicial resources.  The Court should intervene and exercise its discretion to stay discovery pending the resolution of Google's motions.

Google's requested stay is dictated by clear Eleventh Circuit precedent: "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should. . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).  This case is a clear-cut example of the wisdom of that rule.  If the Court grants Google's Motion to Dismiss, there will be no need for any discovery.  If the Court grants Google's Motion to Transfer, the case would move to the Northern District of California, which would then be in charge of supervising discovery.  And if both motions are denied, discovery can start once the Court has ruled, and no one will be worse off.  Either way, putting off discovery for now will save the parties considerable time, money, and effort, and it will keep the Court from having to resolve discovery disputes before it determines that the underlying claims have any validity or belong in this venue.

---

[1] For example, one of e-ventures' thirty-one documents request calls for the production of  "[a]ll document related to any website that was characterized by Google as 'pure spam' and/or the subject of manual action by Google, which resulted in the website being de-indexed from Google's search results, between 2005 and present."  *See* Plaintiffs' First Set of Document Requests Addressed to Defendant Google Inc., request 14.  Likewise, several of e-ventures' interrogatories request over ten years' worth of information.  *See* Plaintiff's First Set of Interrogatories Addressed to Defendant Google Inc., interrogatories 6, 7, & 8.

II.     ARGUMENT

   A.     THE COURT HAS THE POWER TO STAY DISCOVERY

The Court has the discretion to stay discovery for "good cause shown." Fed. R. Civ. P. 26(c)(1). Good cause exists where disposition of a motion could "entirely eliminate the need for such discovery." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (internal quotation omitted); *see also Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.").

The Eleventh Circuit has squarely held that discovery stays should be granted where a defendant has moved to dismiss under Rule 12(b)(6):

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should. . . be resolved ***before*** discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

*Chudasama*, 123 F.3d at 1367; *see also Cheshire v. Bank of America, NA*, No. 09-10099, 2009 WL 3497732, at *1 (11th Cir. Oct. 30, 2009) ("[A] plaintiff has no right to discovery upon the filing of a motion to dismiss that raises a purely legal question.... Defendants' motions to dismiss raised only legal questions and, therefore, [plaintiff] had no right to discovery.") (citation omitted).[2]  A stay of discovery is encouraged in these circumstances. *See, e.g.*, *Staup v. Wachovia Bank, N.A.*, No. 08-60359-CIV-COHN, 2008 WL 1771818, at *1 (S.D. Fla. April 16, 2008) (granting motion to stay discovery pending resolution of motion to dismiss "because discovery is not needed for the resolution of this Motion and requiring discovery would impose an

---

[2] *See also Moore v. Potter*, 141 F. App'x 803, 807 (11th Cir. July 8, 2005) (ruling that district court's order staying discovery until ruling on a motion to dismiss was not an abuse of discretion); *Redford v. Gwinnett Cnty. Judicial Circuit*, 350 F. App'x 341, 346 (11th Cir. Sept. 25, 2009) (same).

3

undue burden on the Defendant"); *Carcamo v. Miami-Dade Cnty.*, No. 03-20870-CIV, 2003 WL 24336368 (S.D. Fla. Aug. 1, 2003).[3]

## B.  GOOD CAUSE EXISTS TO STAY DISCOVERY IN THIS CASE

This is an obvious case for a stay of discovery. Google has moved to the dismiss the FAC on multiple, independent legally dispositive grounds, including the immunity that Google enjoys under the CDA and the First Amendment and Plaintiff's failure to state a viable claim under either state or federal law. (Dkt. 58 at pp. 7-14). Separately, Google has moved to transfer this entire action to California based on the choice of law provision in the agreement between Plaintiff and Google that applies to e-ventures' use of Google's AdWords program. (Dkt. 57). If either of those motions succeeds, this case will not proceed in this Court. If the motion to dismiss succeeds, the case will not proceed at all. And even a partial victory on the motion to dismiss may significantly limit Plaintiff's claims and narrow the scope of permissible discovery.

There is no reason to proceed with discovery while the Court considers Google's motions. Doing so would be immensely inefficient and lead to a significant waste of both the parties' and the Court's resources. Absent a stay, the parties will spend considerable time and money propounding and responding to discovery requests, which will likely be rendered irrelevant by the Court's ruling on Google's motions. Similarly, the Court may be drawn into discovery disputes and forced to rule on discovery motions that may feature the same issues as the pending motions and without knowing which, if any, of Plaintiff's claims and allegations will survive the pleadings stage. None of that is necessary. To the contrary, as the Eleventh Circuit

---

[3] *See also Anderson v. United States Attorney's Office*, No. CIV. A. 91-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992) ("It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'").

4

has explained, "[a]llowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system." *Chudasama*, 123 F.3d at 1368; *see also Horsely v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (quoting *Chudasama*).

Finally, e-ventures will suffer no harm or prejudice from a stay of discovery. It may actually benefit from not having to incur potentially unnecessary costs. But even on the chance this case will be allowed to continue past the pleadings, e-ventures has no need to forge ahead with discovery now.[4] There will be ample time for discovery if Google's motions are denied. Moreover, Plaintiff's own actions belie any compelling interest in commencing discovery. Plaintiff waited for over 7 months after filing the original Complaint to first serve discovery on Google. And during the pendency of Google's original motion to dismiss, e-ventures agreed with Google that it was appropriate to put off discovery until the Court ruled on that motion. Nothing has changed. The Court's ruling on Google's first motion did not address the merits of the case or do anything to suggest that e-ventures would be able to avoid Google's arguments for dismissal. Given that e-ventures had neither need nor interest in proceeding with discovery then, it cannot claim that it would suffer any harm by waiting until after the Court decides whether there is a legally viable claim in this case and whether it belongs in this Court.

## III. CONCLUSION

Because Google's Motion to Dismiss and Motion to Transfer are a "facial challenge[] to the legal sufficiency of a claim," which "presents a purely legal question," they do not require

---

[4] e-ventures initially sought a preliminary injunction in this matter (Dkt. 11), but withdrew its preliminary injunction motion five weeks later, after Google filed its opposition brief and supporting declarations. (Dkt. 35).

any "discovery before the court rules on the motion." *Chudasama*, 123 F.3d at 1367. Under these circumstances, Google's Motion to Dismiss and Motion to Transfer "should. . . be resolved *before* discovery begins." *Id*. (emphasis added).

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 3.1(g), counsel for Google met and conferred with counsel for Plaintiff in a good faith effort to resolve the issues presented in this motion, but Plaintiff would not agree to stay discovery.

Dated:  June 26, 2015    Respectfully submitted,

  s/ *Nathan M. Berman*
DAVID H. KRAMER (admitted *pro hac vice*)   NATHAN M. BERMAN
COLLEEN BAL (admitted *pro hac vice* )   Fla. Bar No. 0329230
Wilson Sonsini Goodrich & Rosati   Zuckerman Spaeder LLP
650 Page Mill Road   101 East Kennedy Blvd.
Palo Alto, CA 94304   Suite 1200
dkramer@wsgr.com   Tampa, FL 33602
cbal@wsgr.com   Tel: (813) 221-1010
  Fax: (813) 223-7961
BRIAN M. WILLEN (admitted *pro hac vice*)   nberman@zuckerman.com
Wilson Sonsini Goodrich & Rosati
1301 Avenue of the Americas, 40th Floor   *COUNSEL FOR GOOGLE INC.*
New York, NY  10019
bwillen@wsgr.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2015, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system.

/s/ Nathan M. Berman
Nathan M. Berman

6

4966988.1