**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| e-ventures Worldwide, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC.,<br><br>Defendant. | Civil Action No. 2:14-cv-00646-JES-CM |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY**

Plaintiff e-ventures Worldwide, LLC ("e-ventures") submits this brief in opposition to Defendant Google, Inc.'s ("Google") Motion to Stay Discovery.

e-ventures did not agree to an indefinite stay of discovery in this matter. During the parties' Rule 26(f) conference, Google proposed that discovery be stayed indefinitely pending the resolution of Google's motion to dismiss, but e-ventures rejected that proposal (Doc. 45). e-ventures would only agree to a fixed discovery deadline, which was not triggered by the Court's decision on Google's pending motion to dismiss. (*Id.*)

e-ventures also suggested that, before the parties engaged in costly discovery, they discuss a possible amicable resolution to the matter. Google apparently considered, but did not agree to, that proposal. Google has yet to engage in any good faith settlement discussions or to make any settlement offer, nor is Google moving the case forward by participating in discovery. Google has also refused to participate in a mediation or settlement conference until discovery is completed and has moved to stay the mediation deadline. It is thus apparent that Google's primary motivation is to delay any activity in this case – save for its motion to dismiss or transfer

venue. Given these developments, e-ventures now believes that a stay of discovery will only delay the final resolution of this matter and cause prejudice to e-ventures.

Google objects to e-ventures' document requests as "sweeping," but, aside from one example, which Google presumably provides as an example of a "sweeping" document request, Google has not provided any context by which to judge the scope of e-ventures' requests. [1] Regardless, if Google has valid objections, its proper remedy is not a stay of discovery. Rather, it should assert its objections and confer with e-ventures in accordance with the Local Rules to see if those disputes can be resolved

As the moving party, Google bears the burden of showing both good cause for the requested stay and the reasonableness of its request. *See Koock v. Sugar & Felsenthal, LLP,* No. 8:09cv609, 2009 WL 2579307, at *2 (Aug. 19, 2009). Google cites *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353, 1368 (11th Cir.1997) in support of its argument that discovery should be stayed, but:

> The holding in *Chudasama* does not establish the general rule that discovery should not proceed while a motion to dismiss is pending. In *Chudasama*, the cause of action contested in the motion significantly enlarged the scope of discovery and was 'especially dubious.' Instead, *Chudasama* and its progeny 'stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount.'

*Knoock, id.* In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the

[1] Google's sole example is a request that Google identify all websites that have been blocked by Google as "pure spam" (which is what Google did to e-ventures' websites) over the past ten years. In the absence of a response from Google, it is impossible to evaluate Google's supposed objection. Does the response involve 10 such companies or thousands? Does Google already have a list of these websites in its possession or would the request require extensive work on Google's part? And, has Google been blocking websites as "pure spam" for the full ten-year period specified in the request or did it start that process just recently? Thus, it's not clear from the Google's motion that the request is overbroad or unduly burdensome.

motion will be granted and entirely eliminate the need for such discovery. *See McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D.Fla.2006) (citation omitted). To this end, the court must take a "preliminary peek" at the merits of the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Id.* (citation and internal quotation marks omitted). For good cause for a stay to be shown, the motion to dismiss should appear that it will dispose of the case in its entirety. *See Sprint Solutions, Inc. v. Cell Xchange, Inc*., 49 F.Supp.3d 1074 (M.D.Fla. 2014) (stay denied where plaintiffs appeared to state some viable claims).

Google's motion to dismiss is not likely to dispose of all of Plaintiff's claims, and thus, the stay should not be granted. As set forth in Plaintiff's Opposition brief, Google argues that its First Amendment defense would dispose of Plaintiff's unfair competition, defamation, and FDUTPA claims, but extending a First Amendment defense all of this alleged conduct would be unprecedented and contrary to the law. Google's Section 230(c) (2) defense also cannot succeed because it would require the Court to find that Plaintiff's allegations of fact are false, and that Google did not act in bad faith or for anti-competitive reasons, but rather acted in good faith with the subjective intent to filter "objectionable" content. Google is not likely to succeed on these defenses and discovery should not be stayed.

Respectfully submitted,

By: */s/Alexis Arena*
Alexis Arena, Esq.
*Admitted pro hac vice*
**FLASTER/GREENBERG P.C.**
1600 John F. Kennedy Blvd., 2nd Floor
Philadelphia, PA 19103
*Attorneys for Plaintiff e-ventures Worldwide, LLC*

Dated: July 10, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2015, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system.

By: */s/Alexis Arena*

Alexis Arena, Esq.
*Admitted pro hac vice*
**FLASTER/GREENBERG P.C.**
1600 John F. Kennedy Blvd., 2nd Floor
Philadelphia, PA 19103
*Attorneys for Plaintiff e-ventures Worldwide, LLC*

Dated: July 10, 2015