UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

E-VENTURES WORLDWIDE, LLC,
9045 Strada Stell Court, Suite 103,
Naples, FL 34109,

      Plaintiff,

v.                                       Case No:   2:14-cv-646-FtM-29CM

GOOGLE, INC.,

      Defendant.

## ORDER

Before the Court is Google Inc.'s Motion to Stay Discovery and Pretrial Deadlines (Doc. 61), filed on June 26, 2015, and Plaintiff's Opposition to Defendant's Motion to Stay Discovery (Doc. 65), filed on July 10, 2015.  Defendant Google Inc. asks this Court to stay discovery pending resolution of its Motion to Transfer Venue (Doc. 57) and Motion to Dismiss (Doc. 58).  The grounds for Defendant's request for a stay are that requiring the parties to engage in discovery prior to the resolution of its pending motions would result in unnecessary expenditure of time and resources by the parties and the Court.

As the Case Management and Scheduling Order explains, "[m]otions for an extension of other deadlines established in this order, including motions for an extension of the discovery period, are disfavored."  Doc. 51 at 3.  While Rule 26, Federal Rules of Civil Procedure, provides authority for the Court to stay discovery, the moving party bears the burden of establishing good cause and reasonableness.

*McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). Although not binding, the Middle District Discovery Handbook also explains that the pendency of motions such as those filed by Defendant in this action ordinarily does not constitute good cause for a stay:

> Normally, the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. Such motions for stay are rarely granted. However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden.

Middle District Discovery (2015) at 5-6.

When determining whether to stay discovery, however, the Court also must balance the harm produced by any delay with the possibility that the motions will be granted and eliminate the need for discovery. *McCabe*, 233 F.R.D. at 685. Thus, the Court must take a "preliminary peek" at the merits of the pending dispositive motion to see whether it "appears to be clearly meritorious and truly case dispositive." *Id.* (citation and quotation marks omitted). To that end, the Court has reviewed the pleadings, Defendant's motions to dismiss and transfer, Plaintiff's responses and Defendant's replies to determine whether "unusual circumstances" are present, Defendant has made a "specific showing of prejudice or undue burden" to justify the stay, and Defendant's motions are "clearly meritorious." The Court concludes that Defendant has failed to meet its burden in these respects.

Here, Defendant makes general allegations that discovery may not be necessary if the case is dismissed, or will be supervised by the California court if the case ultimately is transferred. Defendant's assertion that "sweeping" discovery

requests will impose "significant burdens" is neither specific nor unusual. Defendant's motions also are not so "clearly meritorious and truly case dispositive" that they warrant an indefinite stay of discovery and case management deadlines in this matter.[1]

ACCORDINGLY, it is hereby

**ORDERED:**

Google Inc.'s Motion to Stay Discovery and Pretrial Deadlines (Doc. 61) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 30th day of July, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

---

[1] Defendant relies heavily on *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353 (11th Cir. 1997), in support of its contention that discovery must be stayed while dispositive motions are pending. This Court, however, has determined that *Chudasama* did not stand for such a broad proposition. *See Houston v. 7-Eleven, Inc.*, No. 2:14-cv-441-FtM-29CM, 2015 WL 412523, at *1 (M.D. Fla. Jan. 30, 2015) ("*Chudasama* does not stand for the proposition, however, that all discovery in every circumstance should be stayed pending a decision on a motion to dismiss. 'Instead, *Chudasama* and its progeny stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount.'") (citation and quotation marks omitted). The Court therefore finds this argument unpersuasive.