UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

E-VENTURES WORLDWIDE, LLC,

    Plaintiff,

v.     Case No: 2:14-cv-646-FtM-29CM

GOOGLE, INC.,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on review of defendant's Motion to Transfer (Doc. #57) filed on June 5, 2015. Plaintiff filed a Response in Opposition (Doc. #62) on July 6, 2015 and defendant filed a Reply (Doc. #68) on July 27, 2015. Also before the Court is defendant's Motion to Dismiss (Doc. #58) filed on June 5, 2015. Plaintiff filed a Response in Opposition (Doc. #63) on July 6, 2015 and defendant filed a Reply (Doc. #67) on July 27, 2015.

**I.**

On June 5, 2015, plaintiff, e-ventures Worldwide, LLC ("e-ventures") filed a four-count Amended Complaint (Doc. #53) against Google, Inc. ("Google") in the United States District Court for the Middle District of Florida. The Amended Complaint alleges that Google improperly removed 366 of plaintiff's websites from its search results. (Id. ¶¶ 20-30.) One website that was removed

is governed by an agreement ("AdWords Agreement") entered into by the parties that contains a forum selection clause. (Doc. #57-1; Doc. #62, pp. 5-6.) Defendant now moves to transfer venue to California pursuant to the forum selection clause in the AdWords Agreement. (Doc. #57.) In plaintiff's response, plaintiff requests the Court deny defendant's Motion to Transfer or, in the alternative, grant plaintiff leave to amend its Amended Complaint to remove allegations relating to the one website that is governed by the forum selection clause. (Doc. #62.)

**II.**

Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" when it is convenient for the parties and witnesses, or "in the interest of justice." When the parties to litigation have agreed to a valid forum-selection clause, "a district court should ordinarily transfer the case to the forum specified in that clause." Atl. Marine Contr. Co. v. U.S. Dist. Court, 134 S. Ct. 568, 581 (2013). Forum selection clauses are presumptively valid. Krenkel v. Kerzner Intern. Hotels Ltd., 579 F.3d 1279, 1281 (11th Cir. 2009).

The Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave is within the discretion of the Court but may be denied for the stated reasons of "undue delay, bad faith or dilatory motive on the part of the

2


Case 2:14-cv-00646-JES-CM   Document 73   Filed 10/19/15   Page 3 of 4 PageID 574

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

The forum selection clause that defendant is attempting to enforce to transfer the entire case is present in an agreement that relates to only one of the 366 websites being litigated. The Court will grant leave to the plaintiff to amend its First Amended Complaint to remove allegations regarding the one website.

Accordingly, it is now

**ORDERED:**

1. Plaintiff is granted leave to amend its First Amended Complaint to remove the allegations involving the one website. Plaintiff shall file its Second Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

2. Defendant's Motion to Transfer (Doc. #57) is **DENIED as moot.**

3. Defendant's Motion to Dismiss (Doc. #58) is **DENIED as moot.**

**DONE AND ORDERED** at Fort Myers, Florida, this __19th__ day of October, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

3

Copies: Counsel of record

4