**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

E-VENTURES WORLDWIDE, LLC

      **Plaintiff,**

                                          **Case No. 2:14-cv-646-FtM-29CM**

v.

GOOGLE INC.,

      **Defendant.**

_____/

## GOOGLE INC.'S MOTION FOR RECONSIDERATION

Pursuant to Fed. R. Civ. P. 59(e), Defendant Google Inc. ("Google") respectfully moves the Court to reconsider its Order denying Google's Motion to Dismiss (Dkt. 86), insofar as the Court allowed plaintiff e-ventures Worldwide, LLC ("e-ventures") to proceed with a claim under Section 1125(a)(1)(A) of the Lanham Act, 47 U.S.C. § 1125(a)(1)(A). Google submits the following memorandum of law in support of its motion.[1]

## INTRODUCTION AND SUMMARY OF ARGUMENT

In its recent order, the Court allowed e-ventures to proceed with a claim under the Lanham Act that e-ventures has disavowed. Reconsideration is warranted to correct that error.

Section 1125(a) of the Lanham Act creates two distinct kinds of unfair competition claims: false association under subsection (a)(1)(A); and false advertising under subsection (a)(1)(B). In ruling on Google's motion to dismiss the Second Amended Complaint ("SAC") (Dkt. 78), the Court agreed with Google that e-ventures had failed to allege the key elements of a false advertising claim under § 1125(a)(1)(B). Dkt. 86 at 19. But the Court declined to dismiss the Lanham Act claim because it believed that e-ventures "does not allege a cause of action for

---

[1] Pursuant to Local Rule 3.01(g), the parties met and conferred regarding this motion but were unable to reach an agreement that would have avoided the need to file it.

false advertising." *Id*. Instead, the Court concluded, "the Count only quotes from § 1125(a)(1)(A), which provides a cause of action for unfair competition, which in this case is based on allegedly false representations." *Id*.

Permitting this case to go forward under § 1125(a)(1)(A) was a clear mistake, however, because ***e-ventures previously stated that it was not making a claim under that provision of the Lanham Act***. e-ventures specifically told the Court that it was seeking only to proceed with a claim for false advertising claim under § 1125(a)(1)(B). That is why, in its motion to dismiss the SAC, Google focused its attention on false advertising. The Court should not have allowed e-ventures to proceed with a Lanham Act claim that it never wanted to make. It should grant reconsideration to correct this error and ensure that this case is not saddled with a legally baseless claim that not even Plaintiff has tried to defend.

Even beyond e-ventures' specific disavowal of this basis for liability, it is clear, as Google argued in its prior motion to dismiss, that any claim under § 1125(a)(1)(A) fails as a matter of law. The Court did not address Google's arguments on that point in allowing Plaintiff's Lanham Act claim to survive. If a claim under § 1125(a)(1)(A) is to be part of this case, those arguments need to be considered.

## ARGUMENT

Reconsideration is warranted where there is a "need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). That standard is met where a court order overlooked relevant elements of the parties' claims or arguments. *See Chico's Fas, Inc. v. Clair*, No. 2:13-cv-792-FtM-38MRM, 2015 U.S. Dist. LEXIS 131311, at *21 (M.D. Fla. Sep. 29, 2015) (granting reconsideration where court "acknowledge[d] it erred" by overlooking argument made by plaintiff); *see also Wendy's Int'l v. Nu-Cape Constr.*, 169 F.R.D. 680, 686 (M.D. Fla. 1996) (reconsideration appropriate "when the court has patently misunderstood a party").

-1-

That is the situation here. Reconsidering the Court's denial of Google's motion to dismiss the Lanham Act claim would fix a clear error and would prevent injustice. The Court's ruling on that issue overlooked e-ventures' express statement that the only Lanham Act claim it was trying to assert was a claim for false advertising under Section 1125(a)(1)(B). Google reasonably relied on that assertion in moving to dismiss the SAC. Google should not be disadvantaged for having limited its arguments to the one claim Plaintiff said it was pursuing. Had e-ventures given any indication that it wanted to assert a cause of action under subsection (a)(1)(A), Google would have shown, as it did in prior briefing, that such a claim fails as a matter of law.

## A.      e-ventures Itself Has Disclaimed Any Claim Under § 1125(a)(1)(A)

As the Supreme Court has explained, Section 1125(a) of the Lanham Act "creates two distinct bases of liability: false association, § 1125(a)(1)(A), and false advertising, § 1125(a)(1)(B)." *Lexmark Int'l, Inc. v. Static Control Components Corp.*, 134 S. Ct. 1377, 1384 (2014). These are the only two flavors of unfair competition that the statute proscribes. *Id.* (Section 1125(a) "does not have boundless application as a remedy for unfair trade practices").

e-ventures' First Amended Complaint ("FAC") did not make clear whether it brought a claim under Section 1125(a)(1)(A) or (a)(1)(B). As Google noted in its Motion to Dismiss the FAC (Dkt. 53), "it is unclear from the misleading ellipses used in the FAC (¶ 65) which kind of claim Plaintiff wants to assert" (Dkt. 58 at 15). Accordingly, Google addressed each of those potential claims and explained why *both* an (a)(1)(A) *and* an (a)(1)(B) claim failed as a matter of law. *Id.* at 15-17. In its opposition to Google's motion, e-ventures made absolutely clear that it had not alleged, and was not attempting to allege, any claim under Section 1125(a)(1)(A):

> Google is correct Plaintiff does not assert a claim based upon false association under §1125(a)(1)(A) and Plaintiff did not attempt to assert such a claim. Plaintiff's claim under the Lanham Act is for unfair competition under § 1125(a)(1)(B), as set forth in ¶ 65-71 of the FAC.

5329706.1

Dkt. 63 at 19; *see also* Google's Reply in Support of Motion to Dismiss the FAC, Dkt. 67 at 7 ("Despite failing to mention the relevant language of the statute, Plaintiff now asserts that its Lanham Act claim is for false advertising.").

When it filed its SAC, e-ventures did not materially alter its Lanham Act allegations from those in the FAC. Indeed, it would not have had permission to do so, as the Court had authorized e-ventures to amend the FAC only "to remove allegations relating to the one website that is governed by the forum selection clause." Dkt. 73 at 2. In keeping with that instruction, the statutory language e-ventures quoted in the SAC is identical to what it quoted in the FAC—the same text that e-ventures had already told the Court was not intended to assert a claim under Section 1125(a)(1)(A). *Compare* FAC, Dkt. 53, at ¶ 65 *with* SAC, Dkt. 75. at ¶ 64. Given that e-ventures' allegations were materially the same between the two complaints, Google reasonably relied on e-ventures' representations that it was only attempting to assert a Lanham Act claim for false advertising under Section 1125(a)(1)(B). Accordingly, that was the claim that Google addressed in its motion to dismiss the SAC. There was no reason in that motion for Google to address a Lanham Act claim that e-ventures had expressly disclaimed.

Given that e-ventures has so clearly disavowed any claim under Section 1125(a)(1)(A), it was clear error for the Court to allow such a claim to proceed.[2] This warrants reconsideration.

### B.    Any Claim Under Section 1125(a)(1)(A) Fails As A Matter of Law

Even putting aside e-ventures' explicit statements that it is not bringing a false association claim under Section 1125(a)(1)(A), there is no basis for allowing such a claim to proceed. As Google has explained in its motion to dismiss the FAC, any claim under that

---

[2] The fact that e-ventures, in its opposition to Google's motion to dismiss the FAC, described the claim it wanted to pursue under Section 1125(a)(1)(B) as an "unfair competition" claim, (Dkt. 63 at 19), is irrelevant. That claim was necessarily one for false advertising. As the statute's text makes clear, to be actionable under Section 1125(a)(1)(B), a misleading statement must have been made in "in commercial advertising or promotion." *See, e.g.*, *Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1348-49 (11th Cir. Fla. 2012) (claim under 1125(a)(1)(B) requires statement to be made "[i]n commercial advertising or promotion").

subsection fails as a matter of law. The Court did not consider these points, which further warrants reconsideration.

As the Supreme Court has explained: "Because of its inherently limited wording, § [1125(a)] can never be a federal codification of the overall law of unfair competition, but can apply only to certain unfair trade practices prohibited by its text." *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 US 23, 29 (2003). That text makes clear that a claim under Section 1125(a)(1)(A) requires a false representation that "is likely to ***cause confusion, or to cause mistake, or to deceive*** as to the affiliation, connection, or association of such person with another person, or ***as to the origin, sponsorship, or approval*** of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a)(1)(A) (emphases added). To state a claim under this provision, a plaintiff must allege not merely that the defendant made a false representation but that the representation was likely to cause consumer "confusion ***as to plaintiff's sponsorship or endorsement of the defendant's goods or services***." *Register v. Verio*, 356 F.3d 393 (2d Cir. 2004) (internal quotation marks omitted) (emphasis added).[3]

This limitation reflects the fact that Section 1125(a)(1)(A) is *not* a general prohibition on making false or misleading statements in connection with commercial activities. *See Halicki v. United Artists Communications, Inc.*, 812 F.2d 1213, 1214 (9th Cir. 1987) (rejecting effort to turn the Lanham Act into "a federal statute creating the tort of misrepresentation, actionable as to any goods or services in commerce affected by the misrepresentation"). Its scope is far narrower. The statute's purpose is to protect competitors from being harmed in the market by having the origins of the goods, services, or activities obscured or misleadingly associated with someone else's. An example would be where the defendant tried to "pass off" its product as someone else's or someone else's product as its own. *See Dastar*, 539 U.S. at 32 (explaining that the

---

[3] Tellingly, Plaintiff's SAC omits the key language ("as to the origin, sponsorship, or approval ") in its quotation of Section 1125(a)(1)(A)—an omission duplicated in the Court's description of e-ventures' allegation. Dkt. 86 at 18 (quoting SAC ¶ 64). That omission is significant, as it misleadingly cuts out a key textual limitation on the scope of claims permitted under this provision of the Lanham Act.

-4-

Lanham Act "forbids, for example, the Coca-Cola Company's passing off its product as Pepsi-Cola or reverse passing off Pepsi-Cola as its product").

There is nothing like that alleged in this case. e-ventures does not (and could not) allege that Google's statements deceived consumers about the "association" or "connection" between Google and e-ventures. Nor is there any suggestion that Google misleadingly suggested that e-ventures sponsored or approved Google's services or commercial activities. SAC ¶¶ 63-71. e-ventures' theory is not that Google tricked the public into believing that Google is affiliated with e-ventures or that Google is somehow trying to pass off e-ventures' services as its own. Instead, its claim is that Google deceived consumers "into believing that e-ventures' websites has [sic] violated Google's removal policies." *Id.* ¶ 66. That has nothing to do with false association, and as a matter of law, such a statement is not actionable under Section 1125(a)(1)(A). The Court did not consider these points in ruling that e-ventures had asserted a claim under the Lanham Act that could survive a motion to dismiss. That further warrants reconsideration.

## CONCLUSION

Despite the misleading way the statute is quoted in the SAC, the record is clear that e-ventures was not trying to bring an unfair competition claim under Section 1125(a)(1)(A) of the Lanham Act. Google reasonably relied on e-ventures' express repudiation of that claim when it filed its motion to dismiss. But, even if the Court were for some reason to overlook e-ventures' own words and address the merits of a hypothetical false association claim, no such claim is viable in this case. For these reasons, Google respectfully requests the Court to reconsider its denial of the motion to dismiss, insofar as it allowed a Lanham Act claim to proceed.

5329706.1

Dated:  May 19, 2016

Respectfully submitted,

s/ *Nathan M. Berman*
NATHAN M. BERMAN
Fla. Bar No. 0329230
Zuckerman Spaeder LLP
101 East Kennedy Blvd.
Suite 1200
Tampa, FL 33602
Tel: (813) 221-1010
Fax: (813) 223-7961
nberman@zuckerman.com

BRIAN M. WILLEN (admitted *pro hac vice*)
Wilson Sonsini Goodrich & Rosati
1301 Avenue of the Americas, 40th Floor
New York, NY  10019
bwillen@wsgr.com

COUNSEL FOR GOOGLE INC.

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2016, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system.

/s/ Nathan M. Berman
Nathan M. Berman

-6-

5329706.1