**UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF FLORIDA**

**FORT MYERS DIVISION**

| | |
|---|---|
| e-ventures Worldwide, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Google Inc.,<br><br>Defendants. | Civil Action No. 2:14-cv-00646-JES-CM |

**GOOGLE'S ANSWER TO THE SECOND AMENDED COMPLAINT**

Defendant Google Inc. ("Google") hereby answers the Second Amended Complaint ("SAC").

**ANSWER**

To the extent the Paragraphs of the SAC ("Paragraphs") are grouped under headings and subheadings, Google responds generally that such headings and subheadings (some of which are repeated below for reference only and which do not constitute admissions) state legal conclusions and pejorative inferences to which no response is required. To the extent a response is necessary, Google denies each and every heading and subheading in the SAC and incorporates by reference this response in each Paragraph below as if fully set forth herein.

Except as expressly admitted herein, Google denies any and all allegations as set forth in the SAC. Google expressly reserves the right to amend and/or supplement its Answer as may be necessary. Google further answers the numbered Paragraphs in the SAC as follows:

## THE PARTIES

1. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and on that basis denies them.

2. Google admits the allegations contained in Paragraph 2.

3. Google admits for the purpose of this action only that this Court has personal jurisdiction over Google. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 3.

## JURISDICTION AND VENUE

4. Google admits the allegations contained in Paragraph 4.

5. Paragraph 5 states a legal conclusion to which no response is required. To the extent a response is required, Google denies the allegations contained in Paragraph 5.

6. Paragraph 6 states a legal conclusion to which no response is required. To the extent a response is required, Google admits for the purpose of this action only that venue is proper in this District, but only to the extent that Plaintiff's claims are not based on the removal of its advertisements in connection with the Google AdWords program. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 6.

7. Paragraph 7 states a legal conclusion to which no response is required. To the extent a response is required, Google admits for the purpose of this action only that venue is proper in this District, but only to the extent that Plaintiff's claims are not based on the removal of its advertisements in connection with the Google AdWords program, and that this Court has personal jurisdiction over Google. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 7.

**FACTS**

8. Google admits that among its various products and services are tools that allow users to publish content online and advertising services, but it denies that Google and e-ventures are competitors. Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and on that basis denies them.

9. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and on that basis denies them.

10. Google is without knowledge or information regarding the source of the quotation offered in Paragraph 10, and it denies the allegations regarding its market share.

11. Google admits that approximately 90% of its revenues in 2015 were derived from online advertising services and that the majority of those revenues were from AdWords, but denies that consumers use Google's AdWords program to have their websites "ranked and prominently displayed in Google search results."

12. Google admits that its AdWords program allows advertisers to display advertisements (in the form of "sponsored links" or "click ads") on search result pages. These ads are distinct from Google's natural search results. Google admits that, as part of AdWords, it generally bills advertisers when users click on the advertisements. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 12.

13. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of Paragraph 13 and on that basis denies them. Google denies the characterization of "SEO" in the second sentence of Paragraph 13 and denies that it accurately characterizes the activities at issue in this case.

14. Google is without knowledge or information sufficient to form a belief as to the truth of the characterization of the behavior of "SEO" companies in Paragraph 14 and on that basis denies them. Google denies the remaining allegations in Paragraph 14.

15. Google denies the allegations in Paragraph 15.

16. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and on that basis denies them.

17. Google admits that it publishes information online on how third parties may take action that can potentially affect their ranking within Google's search results, though it denies that it competes with e-ventures in this regard, and Google lacks full knowledge regarding the material that e-ventures publishes online. Google denies the allegations in the second sentence of Paragraph 17. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 17 and on that basis denies them.

18. Google denies the allegations contained in Paragraph 18.

19. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and on that basis denies them.

20. Google admits that it received information from a third party in mid-September 2014 regarding e-ventures. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 20, including the allegation that the information came from someone with a "personal vendetta" against e-ventures (Google lacks knowledge regarding the third party's motivations) and that the information Google received was false.

21. Google admits that it manually removed 366 websites affiliated with e-ventures from its natural search results on or about September 19, 2014 because Google determined, in its opinion, that e-ventures and/or its network of websites were engaged in practices inconsistent

with Google's webmaster guidelines and other policies governing Google search results. Google further admits that it communicated the basis for these removals to e-ventures through private channels.

22. Google admits that it uses and has an understanding of the term "pure spam." Google denies that it coined the term or that its understanding of the term is the only one used in the online community.

23. Google denies that e-ventures' websites could not have engaged in activity that could be characterized as "spam." Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and on that basis denies them.

24. Google admits that, as a result of its removal of 366 websites affiliated with e-ventures from its natural search results, those websites would not appear in Google's natural search results. Allegations regarding paid search listings are outside the scope of this case per the Court's October 19, 2015 Order. Dkt. 73.

25. Google admits that, as a result of its removal of 366 websites affiliated with e-ventures from its natural search results, those websites would not appear in search results when users searched for the term "eventures." Google admits that other websites using the term "eventures" might have appeared in its search results when users searched for the term "eventures." Allegations regarding paid search listings are outside the scope of this case per the Court's October 19, 2015 Order. Dkt. 73. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 25.

26. Google admits that, as a result of its removal of 366 websites affiliated with e-ventures from its search results, third parties would not have been able to locate those websites in Google's search results.

27. Google admits that after September 19, 2014, e-ventures created new websites. Google further admits that it removed additional websites, including newly-created websites, affiliated with e-ventures from its search results after September 19, 2014. Google further admits that as a result of the removal, these websites would not appear in Google's search results. Allegations regarding paid search results are outside the scope of this case per the Court's October 19, 2015 Order. Dkt. 73. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 27.

28. To the extent the allegations in Paragraph 28 involve Google's AdWords program, they are outside the scope of this case per the Court's October 19, 2015 Order. Dkt. 73. Google admits that, as a result of its removal of 366 websites affiliated with e-ventures from its search results, those websites would not appear in Google's search results. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 28.

29. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and on that basis denies them.

30. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and on that basis denies them.

31. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 regarding the appearance of its actions and on that basis denies them. Google denies the remaining allegations contained in Paragraph 31.

32. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 regarding e-ventures' understanding and on that basis denies them. Google denies the allegation in Paragraph 32 that its process was "mysterious, unfruitful and unfair."

33. Google admits that e-ventures communicated with Google after September 19, 2014. Google further admits that, on occasions after September 19, 2014, e-ventures submitted a subset of its removed websites for reconsideration using Google's standard appeals process. Google further admits that e-ventures created new websites after September 19, 2014. Google further admits that it removed additional websites, including newly-created websites, affiliated with e-ventures from its natural search results after September 19, 2014. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 33, including, in particular, the allegation that e-ventures' efforts to address the removal of its websites with Google were "without avail."

34. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and on that basis denies them.

35. Google denies that it did not start relisting e-ventures' websites before this lawsuit was filed. Google admits that it relisted some of e-ventures' websites after this lawsuit was filed. To the extent that Paragraph 35 alleges that this lawsuit caused Google to relist e-ventures' websites, Google denies the allegation.

36. Google admits that it informs customers that its search results involve the use of algorithms. Google further admits that it also informs customers that Google removes content from its search results only in particular circumstances. Google further admits that it identifies some, but not all, of the circumstances under which it will remove content from its search results in its published Removal Policies. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 36.

37. Google denies the allegations contained in Paragraph 37.

38. Google admits the allegation in Paragraph 38 regarding its Removal Policies and public statements, but it denies the allegation to the extent that it is intended to imply that Google removes content for anti-competitive reasons.

39. Google admits that its Removal Policies identify some of the circumstances under which Google will remove content from its search results. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 39, including any allegation that Google's Removal Policies do not cover the removal of the websites at issue in this case.

40. Google admits that it does not necessarily publish or endorse any content that appears in its search results. To the extent not expressly admitted, Google denies the remaining allegations contained in the first sentence of Paragraph 40. The second sentence of Paragraph 40 purports to characterize the contents of the website https://www.google.com/intl/en/policies/faq/. This website speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that Plaintiff correctly quotes a statement from the website.

41. Paragraph 41 purports to characterize the contents of the website https://www.google.com/intl/en/policies/faq/. This website speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that Plaintiff correctly quotes statements from the website.

42. Paragraph 42 purports to characterize the contents of the website https://support.google.com/websearch/troubleshooter/3111061?hl=en. This website speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that Plaintiff correctly quotes statements from the website.

43. Paragraph 43 purports to characterize the contents of the website https://support.google.com/websearch/answer/2744324. This website speaks for itself, and

therefore no response is required. To the extent a response is required, Google admits that Plaintiff correctly quotes a statement from the website.

44. Paragraph 44 purports to characterize the contents of the website http://www.google.com/transparencyreport/. This website speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that the referenced website identifies some circumstances where Google removes content from its search results.

45. Paragraph 45 purports to characterize the contents of statements in Google's online publications as of the time Plaintiff filed its case. These publications speak for themselves, and therefore no response is required. To the extent a response is required, Google admits that Plaintiff correctly quotes a statement from a Google publication as of the time Plaintiff filed its case.

46. The first sentence of Paragraph 46 states legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations in the first sentence of Paragraph 46. The second sentence and sub-paragraphs of Paragraph 46 purport to characterize the contents of various Google websites. These websites speak for themselves, and therefore no response is required. To the extent a response is required, Google admits that Plaintiff correctly quotes statements from the website. Google responds to the remaining allegations in the sub-paragraphs as follows:

a. Google admits that e-ventures' websites existed on the web. Google further admits that the websites affiliated with e-ventures that Google removed from its search results did not, as a result, appear in its search results at times after September 19, 2014. To the extent not expressly admitted, Google denies the remaining allegations contained in sub-paragraph a.

b. Google admits that e-ventures' websites were available to the public. Google further admits that the websites affiliated with e-ventures that Google removed from its search results did not, as a result, appear in its search results at times after September 19, 2014. To the extent not expressly admitted, Google denies the remaining allegations contained in sub-paragraph b.

c. Google denies the allegations contained in sub-paragraph c.

d. Google denies the allegations contained in sub-paragraph d.

e. Google denies the allegations contained in sub-paragraph e.

f. Google admits that, prior to this litigation, it did not make any public statements regarding the removal of websites affiliated with e-ventures from its natural search results. To the extent not expressly admitted, Google denies the remaining allegations contained in sub-paragraph f.

g. Google admits that it did not link to Chilling Effects regarding its removal of websites affiliated with e-ventures from its natural search results. To the extent not expressly admitted, Google denies the remaining allegations contained in sub-paragraph g.

h. Google admits that, prior to this litigation it did not make any public statements regarding the removal of websites affiliated with e-ventures from its natural search results. Google further admits that it did not remove websites affiliated with e-ventures from its search results in response to a request under the laws, regulations, or policies of any government. To the extent not expressly admitted, Google denies the remaining allegations contained in sub-paragraph h.

47. Google notes that the SAC does not contain a Paragraph 47.

48. Google denies the allegations contained in Paragraph 48.

49. Google admits that, starting on or about October 30, 2014, it relisted websites affiliated with e-ventures in its search results where those websites no longer violated Google's policies. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 49.

50. Google denies the allegations contained in Paragraph 50.

51. Google admits that it did not accuse e-ventures of publishing obscene information, social security numbers, information that was the subject of an intellectual property takedown notice, or information that had to be removed pursuant to Court order.

52. Google admits that it did not accuse e-ventures of sending irrelevant or inappropriate messages over the Internet to a large number of recipients, though it denies that this is the proper definition of "spam" relevant to this case. Google denies that it never informed e-ventures that its websites were removed for spam violations. Google denies that e-ventures' websites were not engaged in those violations. Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the second sentence of Paragraph 52 and on that basis denies them. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 52.

53. Google admits that it identified e-ventures websites as having "pure spam" in some of its explanations for its removal of websites affiliated with e-ventures from search results. To the extent not expressly admitted, Google denies the allegations contained in Paragraph 53.

54. Paragraph 54 purports to characterize the results of a Federal Trade Commission investigation of Google. Google denies Plaintiffs' characterization of the FTC's conclusions.

See https://www.ftc.gov/system/files/documents/public_statements/295971/130103googlesearchstmtofcomm.pdf

55. Google denies the allegations contained in Paragraph 55.

56. Google denies the allegations contained in Paragraph 56.

57. Google admits that it manually removed 366 websites affiliated with e-ventures from its search results. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 57, including any allegation that Google's removal of the websites was based solely on their "apparent affiliation with e-ventures."

58. The first sentence of Paragraph 58 purports to characterize statements made in the Declaration of Brandon Falls, submitted in support of Google's Opposition to e-ventures' Motion for a Preliminary Injunction (Dkt. 31). Mr. Falls' declaration speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that Plaintiff correctly quotes statements from the declaration. Google denies the allegations contained in the second and third sentences of Paragraph 58.

59. Paragraph 59 purports to characterize statements made in the Declaration of Brandon Falls, submitted in support of Google's Opposition to e-ventures' Motion for a Preliminary Injunction (Dkt. 31). Mr. Falls' declaration speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that Plaintiff correctly quotes statements from the declaration. Google denies the remaining allegations contained in Paragraph 59.

60. Google denies the allegations contained in Paragraph 60.

61. Google denies the allegations contained in Paragraph 61.

62. Google denies the allegations contained in Paragraph 62.

**FIRST CAUSE OF ACTION**
**UNFAIR COMPETITION UNDER THE LANHAM ACT**

63. Google incorporates by reference its responses to Paragraphs 8-18; 19-35; 36-48; and 49-62.

64. Paragraph 64 is a statement of law to which no response is required.

65. Paragraph 65 states a legal conclusion to which no response is required. To the extent a response is required, Google denies the allegations contained in Paragraph 65.

66. Paragraph 66 states legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations contained in Paragraph 66.

67. Google denies that it damaged e-ventures. Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67 and on that basis denies them.

68. Paragraph 68 states a legal conclusion to which no response is required. Paragraph 68 also purports to characterize statements made in the Declaration of Brandon Falls, submitted in support of Google's Opposition to e-ventures' Motion for a Preliminary Injunction (Dkt. 31). Mr. Falls' declaration speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that Plaintiff correctly quotes statements from the declaration. To the extent a further response is required, Google denies the allegations contained in Paragraph 68.

69. Google denies the allegations contained in Paragraph 69.

70. Paragraph 70 states a legal conclusion to which no response is required. To the extent a response is required, Google denies that it violated the Act or that it damaged e-ventures.

71. Paragraph 71 states a legal conclusion to which no response is required. To the extent a response is required, Google denies that it damaged e-ventures.

**SECOND CAUSE OF ACTION**
**FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

72. Google incorporates by reference its responses to Paragraphs 8-18; 19-35; 36-48; and 49-62.

73. Google admits that e-ventures has participated in Google's AdWords program, including by agreeing to the terms governing the AdWords program and providing payment to Google. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 73.

74. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and on that basis denies them.

75. Paragraph 75 states legal conclusions to which no response is required.

76. Google denies that it removed websites affiliated with e-ventures from its natural search results for anti-competitive reasons. Google further denies that its statements were deceptive or misleading. Google further denies that it caused harm to e-ventures. Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of Paragraph 76 and on that basis denies them. Google denies the allegations contained in the second sentence of Paragraph 76.

77. Paragraph 77 states a legal conclusion to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 77.

78. Paragraph 78 states a legal conclusion to which no response is required. To the extent a response is required, Google denies the allegations contained in Paragraph 78.

79. Paragraph 79 purports to characterize statements made in the Declaration of Brandon Falls, submitted in support of Google's Opposition to e-ventures' Motion for a Preliminary Injunction (Dkt. 31). Mr. Falls' declaration speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that Plaintiff correctly quotes statements from the declaration. Google denies the remaining allegations contained in Paragraph 79.

80. Paragraph 80 states a legal conclusion to which no response is required. To the extent a response is required, Google denies that its statements are misleading or deceptive. Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 80 and on that basis denies them.

81. Paragraph 81 states a legal conclusion to which no response is required. To the extent a response is required, Google denies the allegations contained in Paragraph 81.

82. Paragraph 82 states a legal conclusion to which no response is required. To the extent a response is required, Google denies the allegations contained in Paragraph 82.

83. Google denies the allegations contained in Paragraph 83.

84. Paragraph 84 states a legal conclusion to which no response is required. To the extent a response is required, Google denies that it violated the Act or that it damaged e-ventures.

85. Paragraph 85 states a legal conclusion to which no response is required. To the extent a response is required, Google denies that it damaged e-ventures.

## **THIRD CAUSE OF ACTION**
## **DEFAMATION**

No response is required to Paragraphs 86-93 because the Court dismissed Plaintiff's Third Cause of Action for Defamation. See Dkt. 86.

**FOURTH CAUSE OF ACTION**
**TORTIOUS INTERFERENCE**

No response is required to Paragraphs 94-104 because the Court's decision to allow e-ventures' Fourth Cause of Action for Tortious Interference to survive Google's Motion to Dismiss was contingent on Plaintiff asserting a viable defamation claim. Because Plaintiff has elected not to replead its dismissed defamation claim, the Fourth Cause of Action is not properly part of this case. Out of an abundance of caution, Google answers the allegations in Paragraphs 95-104 as follows:

94. Google incorporates by reference its responses to Paragraphs 8-18; 19-35; 36-48; and 49-62.

95. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and on that basis denies them.

96. Google denies that it was aware of e-ventures' contractual relationships with third parties prior to the filing of this lawsuit. Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 96 and on that basis denies them.

97. Google admits that it viewed at least one of the websites affiliated with e-ventures prior to removing them from its natural search results. Google denies the remaining allegations in Paragraph 97.

98. Google denies that it acted with the intention of harming e-ventures' business relationships. Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 98 and on that basis denies them.

99. Google admits that it manually removed additional websites, including newly-created websites, affiliated with e-ventures from its natural search results after September 19,

2014. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 99.

100. Google admits that it manually removed additional websites, including newly-created websites, affiliated with e-ventures from its search results after September 19, 2014. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 100.

101. Google denies the allegations contained in Paragraph 101.

102. Paragraph 102 states a legal conclusion to which no response is required. To the extent a response is required, Google denies the allegations contained in Paragraph 102.

103. Paragraph 103 states a legal conclusion to which no response is required. To the extent a response is required, Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and on that basis denies them.

## PRAYER FOR RELIEF

With respect to Plaintiff's prayers for relief (articulated in (a)-(b)), Google denies all of Plaintiff's claims for relief.

## DEMAND FOR A JURY TRIAL

Google admits that Plaintiff seeks a jury trial as to all issues triable by a jury

## AFFIRMATIVE AND OTHER DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil procedure, Google sets forth the following affirmative and other defenses, and does so on information and belief as to the actions of others. Google does not concede that it bears the burden of proof or persuasion on any of these defenses. Google reserves the right to assert additional defenses in the event that discovery or further investigation demonstrates that any such defense is appropriate or applicable.

**FIRST DEFENSE**
(Failure to State a Claim)

The Complaint, and each claim asserted within it, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**
(First Amendment)

The First Amendment bars Plaintiff's effort to hold Google liable for its editorial judgments about what information to present to users in response to search queries. In choosing what material to display (and not display) in its search results, Google is engaging in speech protected by the First Amendment and cannot be held liable for that expression of opinion.

**THIRD DEFENSE**
(47 U.S.C. § 230(c)(2))

Section 230(c)(2) of the Communications Decency Act ("CDA") protects Google from liability on account of "any action voluntarily taken in good faith to restrict access to or availability of material that the provider or user considers to be … objectionable." 47 U.S.C. § 230(c)(2). In removing links related to e-ventures from its search results, Google acted in good faith to restrict access to material on its service that it deemed objectionable, and it may not be held liable for this action.

**FOURTH DEFENSE**
(47 U.S.C. § 230(c)(1))

Section 230(c)(1) of the CDA bars any claims against Google that seek to treat it as the "publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). In removing material from its search results that was provided by another party (e-ventures), Google engaged in traditional publisher conduct. Plaintiff's effort to hold Google liable for acting as a publisher with regard to e-ventures' information is barred by

Section 230(c)(1). *See Barnes v. Yahoo!, Inc*., 570 F. 3d 1096, 1105 (9th Cir. 2009) ("Subsection (c)(1), by itself, shields from liability all publication decisions, whether to edit, to remove, or to post, with respect to content generated entirely by third parties."); ***Zeran v. AOL, Inc.***, *Inc.*, 129 F. 3d 327, 330 (4th Cir. 1997) ("lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions—such as deciding whether to publish, withdraw, postpone or alter content—are barred").

**FIFTH DEFENSE**
(Unclean Hands)

Plaintiff has engaged in a pattern of deceptive conduct in an attempt to undermine the quality of Google's search results. As a result, Plaintiff is barred in equity from claiming or recovering any relief set forth in the SAC because of its conduct under the doctrine of unclean hands.

**SIXTH DEFENSE**
(Failure to Mitigate)

Plaintiff failed to exercise reasonable care and diligence to mitigate any alleged damages. Plaintiff was provided an opportunity to conform its websites to Google's guidelines and have them relisted in Google's natural search results. Plaintiff failed to do so and is thereby barred from claiming any damages resulting from this failure.

Dated: May 26, 2016

Respectfully submitted,

/s/ *Nathan M. Berman*
Nathan M. Berman
Fla. Bar No. 0329230
Zuckerman Spaeder LLP
101 East Kennedy Blvd. , Suite 1200
Tampa, FL 33602
Tel: (813) 221-1010
Fax: (813) 223-7961
nberman@zuckerman.com

Brian M. Willen (admitted *pro hac vice*)
Wilson Sonsini Goodrich & Rosati
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
bwillen@wsgr.com

*Counsel for Google Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2016, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system.

/s/ *Nathan M. Berman*
Nathan M. Berman