**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| e-ventures Worldwide, LLC,<br><br>    Plaintiff,<br><br>         v.<br><br>GOOGLE, INC.,<br><br>    Defendant. | :<br>:<br>:<br>:<br>:  Civil Action No.  2:14-cv-00646-JES-CM<br>:<br>:<br>:<br>: |

**RESPONSE TO GOOGLE INC.'S MOTION FOR RECONSIDERATION**

Plaintiff e-ventures Worldwide, LLC ("e-ventures") files this response to defendant Google, Inc.'s ("Google") motion for reconsideration ("Motion").

### A. e-ventures Has Not "Disclaimed Any Claim Under § 1125(a)(1)(A)" As Google Suggests

Google's Motion incorrectly states that "e-ventures specifically told the Court that it was seeking only to proceed with a claim for false advertising [] under § 1125(a)(1)(B)." Motion, 1. e-ventures never stated that it was asserting a claim for "false advertising." e-ventures stated in one of its briefs that: "Google is correct Plaintiff does not assert a claim based on **false association** under § 1125(a)(1)(A) and Plaintiff did not attempt to assert such a claim. Plaintiff's claim under the Lanham Act is for **unfair competition** under § 1125(a)(1)(B), as set forth in ¶ 65-71 of the FAC." Doc. 63, at 19 (emphasis added). e-ventures did reference (B), instead of (A), which was an inadvertent error. However, e-ventures' Complaint and briefing make clear that e-ventures' claim is for "unfair competition," not for "false advertising," and e-ventures obviously disagrees with Google's suggestion that the distinction between "unfair competition" and "false advertising" is "irrelevant." Motion, 3, n. 2.

5719474 v1

The Lanham Act was intended to create "a federal cause of action for unfair competition." *Duty Free Americas, Inc. v. Estee Lauder Companies, Inc.*, 797 F.3d 1248, 1276-77 (10th Cir. 2000) (*quoting Univ. of Fla. V. KPB, Inc.,* 89 F.3d 773, 775 (11th Cir. 1996)). "Both [the Lanham Act's] trademark protections and its prohibition on false advertising are part of the broader law of unfair competition that has its sources in English common law." *Id. (citing Moseley v. V. Secret Catalogue, Inc.*, 537 U.S. 418, 428 (2003).

Contrary to Google's suggestion that the Lanham Act is limited narrowly to "false association" and "false advertising" claims, the definition of "unfair competition" covered by the Act is very broad. *Montgomery v. Noga,* 168 F.3d 1282, 1300 (11th Cir. 1999) (It is a "well-established principle that section 43(a) should be broadly construed"); *Trump Plaza of Palm Beaches Condominium Ass'n, Inc. v. Rosenthal,* 92 U.S.P.Q.2d 1259 (S.D. Fla. 2009) ("Section 43(a) is a remedial statute that should be construed broadly. Furthermore, it applies to several different categories or types of violations."); *Alum-A-Fold Shutter Corp. v. Folding Shutter Corp.*, 441 F.2d 556, 557 (5th Cir. 1971) ("It seems to us that Congress has defined a statutory civil wrong of false representation of goods in commerce and had given a broad class of suitors injured or likely to be injured by such wrong the right to relief in the federal courts."); *McCarthy on Trademarks*, Unfair Competition in General, 1:13 (2014) (Citing numerous examples of "unfair competition" that do not constitute "false association" or "false advertising," noting that there is no simple definition of "unfair competition," and stating that "[t]he law of unfair competition is a 'dynamic, developing field of law,' and lack of precedent directly on point need not preclude a claim of unfair competition.")

Google's repeated attempts to restrict e-ventures into asserting either a classic "false association" or "false advertising" claim are contrary to the law. Google cites *Lexmark Int'l, Inc.*

*v. Static Control Components Corp.*, 134 S. Ct. 1377, 1384 (2014) as supporting Google's statement that: "[t]hese are the only two flavors of unfair competition that the statute proscribes," but the *Lexmark* decision says nothing of the sort. Motion, at 2. The *Lexmark* case did not even involve an unfair competition claim, only a false advertising claim under (a)(1)(B).

Despite Google's attempts to incorrectly pigeonhole or to narrow e-ventures' claim, Google has always understood that e-ventures is asserting an unfair competition claim and the alleged facts on which its claim are based. On May 26, 2016, Google filed an answer admitting many of the key facts relied on to support e-ventures' unfair competition claim. Doc. 88.

**B. Google Attempts to Write "or Commercial Activities" Out of the Statute.**

Both (a)(1)(A) and (a)(1)(B) address false or misleading representations of fact related to "commercial activities," as follows:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or **false or misleading representation of fact,** which—
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, **or commercial activities by another person**, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, **or commercial activities**.

28 U.S.C. § 1125 (emphasis added).

Google states that "as to the origin, sponsorship or approval" is "a key textual limitation on the scope of the claims permitted by the Lanham Act," Motion, at 4, n. 3. However, the statute does not state "as to the origin, sponsorship, or approval of his or her goods, services, **<u>and</u>** commercial activities by another person," the statute's scope is broadened with the addition of

3

"**or** commercial activities."  Courts have held that the phrase "commercial activities" broadens, not restricts, the Lanham Act's statutory language. *See Proctor & Gamble Co. Haugen*, 222 F.3d 1262 (10th Cir. 2000) (defendant's message did not relate to "goods or services," it did relate to broader "commercial activities" of plaintiff's company, so as to fall within the Lanham Act). "Congress did not intend to narrowly limit the term 'commercial activities,' but rather intended to encompass those activities which do not solely involve the provision of services or the production of goods." *Id*. at 1273.  Accordingly, contrary to Google's statement, Google did not have to allegedly make a false representation "as to the origin, sponsorship or approval" of e-ventures goods and services to fall within the statutory language; the statutory language is not that restrictive. Google has not cited any case law in support of its attempted restriction.

Google also incorrectly states that e-ventures must allege representations that were "likely to cause consumer confusion as to plaintiff's sponsorship or endorsement of defendant's goods or services."  Motion, at 4 (*citing Register v. Verio,* 356 F.3d 393 (2d Cir. 2004).  There is no such requirement set forth in either the statutory language or in the *Register* case.  The *Register* case involved trademark infringement claims, which obviously are not asserted here and are not the only type of unfair competition claims that are properly asserted under 1125(a)(1)(A).

e-ventures' Complaint alleges that "Google's false representations of its search engine services in the Removal Policies, and other statements identified in Paragraph 47 . . . were false or misleading to consumers and likely to deceive consumers . . . into believing that [e-ventures'] websites had violated Google's Removal Policies (or other published policies) and that is why the websites were banned from Google's search results, when this was not the case." SAC,  ¶ 65-66.  In other words, tracking the language of 1125(a)(1)(A), Google's false representations were likely to deceive consumers as to e-ventures' commercial activities and whether or not e-

ventures' websites ran afoul of Google's policies or were approved of by those policies.

The unfair competition claim under 1125(a)(1)(A) in this case is not dissimilar from the unfair competition claim in *Mario Valente Collezioni, Ltd., v. AAK Ltd.*, 280 F.Supp.2d 244, 255-56 (S.D.N.Y, 2003), where the defendants falsely informed potential buyers that "plaintiff had gone out of business or lost the label," which had a devastating impact on plaintiff's business relationships. The court concluded that: "Defendants Kindler and AAK…used false and misleading descriptions of fact and representations of fact which were likely to deceive [others] as to Plaintiff's right to sell [] in the Unites States; and [] damaged Plaintiff's business relationship[s] in violation of 15 U.S.C. § 1125(a)(1)(A)." *Id*. Similarly, Google's false statements to the public in banning all of e-ventures' websites from its search results were likely to deceive the public and damaged e-ventures' business relationships in violation of 1125(a)(1)(A).

Finally, Google cites *Halicki v. United Artists Communications, Inc*., 812 F.2d 1213, 1214 (9th Cir. 1987) for the proposition that Lanham Act is restricted to addressing certain types of competitive injuries, but the Ninth Circuit's holding in that case was never adopted by the Eleventh Circuit, which took a contrary view, and was overturned by *Lexmark Int'l, Inc. v. Static Control Components Corp.*, 134 S. Ct. 1377, 1384 (2014), where the Supreme Court held that a party need not be a direct competitor to have standing under the Lanham Act, developing a new test for standing.

In conclusion, e-ventures believes that it properly asserted its claim for unfair competition under § 1125(a)(1)(A), that the Court's decision was correct, and that reconsideration is not warranted. Google has not stated why e-ventures' claim under (a)(1)(A) cannot proceed or why is not properly asserted. Nevertheless, to the extent that the Court agrees

that the basis for e-ventures claim is unclear, or believes that further amendment of e-ventures' complaint is warranted, e-ventures respectfully requests leave to amend.

Respectfully submitted,

By: /s/Alexis Arena
Alexis Arena, Esq.
*Admitted pro hac vice*
**FLASTER/GREENBERG P.C.**
1600 John F. Kennedy Blvd., 2nd Floor
Philadelphia, PA  19103

Dated:  May 31, 2016                          *Attorneys for Plaintiff e-ventures Worldwide, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2016, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system.

Dated: May 31, 2016

By: /s/Alexis Arena
Alexis Arena, Esq.
*Admitted pro hac vice*
**FLASTER/GREENBERG P.C.**
1600 John F. Kennedy Blvd., 2nd Floor
Philadelphia, PA 19103
*Attorneys for Plaintiff e-ventures Worldwide, LLC*