UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

E-VENTURES WORLDWIDE, LLC,
9045 Strada Stell Court,
Suite 103, Naples, Fl
34109,

      Plaintiff,

v.                 Case No: 2:14-cv-646-FtM-29CM

GOOGLE, INC., 1600
Amphitheatre Parkway,
Mountain View, CA 94043,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion for Reconsideration (Doc. #87) filed on May 19, 2016. Plaintiff filed a Response (Doc. #89) on May 31, 2016.

I.

Reconsideration of a court's previous order is an extraordinary remedy, and reconsideration is a power to be "used sparingly." United States ex rel. Mastej v. Health Mgmt. Assocs., Inc., 869 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012). In particular, motions filed under Rule 60(b)(6)'s "catch-all" provision "must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." Galbert v. W. Caribbean Airways, 715 F.3d 1290, 1294 (11th Cir. 2013) (citation omitted). The movant has the burden of showing such extraordinary circumstances. Mastej,

869 F. Supp. 2d at 1348.

A motion for reconsideration does not provide an opportunity to argue for the first time a new issue that could have been raised previously, or to argue more vociferously an issue the Court has previously decided.  Id.  Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988).  When the Court has carefully considered the relevant issues and rendered its decision, "the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." Mastej, 869 F. Supp. 2d at 1348 (citations omitted).  Accordingly, a motion to reconsider should set forth material facts previously unknown to the party seeking reconsideration or direct the Court's attention to "law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision." Id. (citations omitted).

## II.

Defendant, Google, Inc., requests the Court to reconsider its Opinion and Order entered on defendant's Motion to Dismiss plaintiff's Second Amended Complaint to the extent that it allowed plaintiff to proceed with a claim under Section 1125(a)(1)(A) of the Lanham Act.  (Doc. #87.)  Google now argues that the Court made a "clear mistake," because "e-ventures previously stated that

it was not making a claim under that provision of the Lanham Act."
(Id. at 2) (emphasis omitted).   In support of this assertion,
Google directs the Court to a statement made in plaintiff's
Response to Google's Motion to Dismiss plaintiff's First Amended
Complaint.   The Court notes that Google is now seeking
reconsideration of the Court's Order on Google's Motion to Dismiss
plaintiff's Second Amended Complaint – not the First Amended
Complaint.  Google's Motion to Dismiss plaintiff's Second Amended
Complaint did not contain any arguments relating to a claim under
Section 1125(a)(1)(A) and solely focused its arguments toward a
claim asserted under Section 1125(a)(1)(B).   Due to Google's
arguments being related solely to a claim under Section
1125(a)(1)(B), the Court ruled on those arguments accordingly and
found them to be inapplicable to the claim asserted by plaintiff
in its Second Amended Complaint under Section 1125(a)(1)(A).

Defendant argues that the Court should have sua sponte
addressed arguments that defendant failed to include in its Motion
to Dismiss Plaintiff's Second Amended Complaint.  While the Court
may or may not agree with some of the arguments presented in
defendant's Motion for Reconsideration, these arguments were not
presented in its Motion to Dismiss plaintiff's Second Amended
Complaint and, therefore, are not within the proper scope of

reconsideration.[1]  Defendant has interpreted the Court's ruling to mean that plaintiff had adequately stated a claim under Section 1125(a)(1)(A).  That is not what the Court ruled.  The Court ruled that defendant's arguments asserted in its motion to dismiss for dismissing count I of plaintiff's Second Amended Complaint were inapplicable to the claim stated in plaintiff's Second Amended Complaint under 15 U.S.C. § 1125(a)(1)(A).

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion for Reconsideration (Doc. #87) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __19th__ day of August, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

---

[1] If defendant desires to present arguments available but not included in its Motion to Dismiss Plaintiff's Second Amended Complaint, it needs to avail itself of the appropriate avenues.