UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

E-VENTURES WORLDWIDE, LLC,
9045 Strada Stell Court,
Suite 103, Naples, Fl 34109,

    Plaintiff,

v.                               Case No: 2:14-cv-646-FtM-29CM

GOOGLE, INC., 1600 Amphitheatre Parkway, Mountain View, CA 94043,

    Defendant.

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for Certification of Interlocutory Appeal and Supporting Memorandum of Law (Doc. #92) filed on June 1, 2016. Plaintiff filed a Response (Doc. #94) on June 9, 2016.[1]

**I.**

On November 4, 2014, e-ventures Worldwide, LLC filed suit against Google, Inc. asserting numerous claims arising out of Google's removal of e-ventures' websites from its search results for allegedly violating Google's policies. (Docs. ##1, 53, 75.)

---

[1] In its Response, plaintiff points out that defendant failed to comply with Local Rule 3.01(g). (Doc. #94, p. 1.) The Court finds that plaintiff had the opportunity to respond and has not been otherwise prejudiced by defendant's failure to comply with Local Rule 3.01(g).

Plaintiff asserted that Google falsely stated that plaintiff's websites violated Google's policies and Google removed its websites for anticompetitive reasons. Google moved to dismiss plaintiff's Second Amended Complaint on various bases, one of which was that Google's removal of websites for violating Google's policies communicated an opinion and was an editorial judgment protected by the First Amendment of the United States Constitution. The Court disagreed, and found that Google's statement that e-ventures had violated Google's policies was not an opinion because it was capable of being proven true or false and that plaintiff had alleged facts sufficient to withstand defendant's editorial judgment claim at the motion to dismiss stage. Defendant seeks to certify the following issue to the Eleventh Circuit Court of Appeals: Whether Google's Removal of Plaintiff's Websites For Violating Google's Policies and Procedures is Protected by the First Amendment of the United States Constitution? (Doc. #92.)[2]

---

[2] On June 10, 2016, the parties filed a Joint Motion to Stay the Case (Doc. #95) pending the Court's determination on the Motion for Certification of Interlocutory Appeal and, if granted, the subsequent appeal to the Eleventh Circuit. The Court granted a stay until the Court's ruling on the present Motion for Certification of Interlocutory Appeal (Doc. #96) and will address the need for any subsequent stay within this Opinion and Order.

**II.**

Under 28 U.S.C. § 1292(b),

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

See 28 U.S.C. § 1292(b)(emphasis in original).

The Court must consider the following factors set forth in Section 1292(b) when analyzing whether to certify a question for interlocutory appeal: (1) Whether the order involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) whether an immediate appeal from the order may materially advance the ultimate termination of the litigation. McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1257 (11th Cir. 2004).

The Court finds that this issue fails to satisfy the standard under § 1292(b) and denies defendant's Motion for Certification of Interlocutory Appeal (Doc. #92) for the reasons set forth herein.

**A. Controlling Question of Law**

Section "1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." McFarlin, 381 F.3d at 1259 (citations omitted). "A legal issue is controlling if it could materially affect the outcome of the case." In re City of Memphis, 293 F.3d 345, 351 (6th Cir. 2002) (citation omitted).

The Court finds that the order defendant seeks to certify to the Eleventh Circuit Court of Appeals fails to satisfy the first prong of the section 1292(b) inquiry. In ruling on the issue presented by the defendant, the Eleventh Circuit would be required "delve beyond the surface of the record" and conduct a fact-intensive inquiry. The Eleventh Circuit would be required to review and analyze the facts specific to the case at hand, including, but not limited to, what Google's Removal Policies state and the reasons plaintiff's websites were removed. Fact-intensive issues, such as the one at issue here, are inappropriate for certification of interlocutory appeal.

Accordingly, the Court finds that the issue presented by the defendant is inappropriate for interlocutory appeal and denies defendant's Motion for Certification of Interlocutory Appeal.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion for Certification of Interlocutory Appeal and Supporting Memorandum of Law (Doc. #92) is **DENIED.**

2. The stay is hereby lifted. The clerk is directed to lift the stay.

**DONE and ORDERED** at Fort Myers, Florida, this __19th__ day of August, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record