UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

E-VENTURES WORLDWIDE, LLC,

    Plaintiff,

v.                                                    Case No: 2:14-cv-646-FtM-29CM

GOOGLE, INC.,

    Defendant.

## ORDER

This matter comes before the Court upon review of the Joint Motion to Extend Case Management and Scheduling Deadlines (Doc. 107) filed on September 21, 2016. For the reasons that follow, the motion is granted in part and denied in part.

Plaintiff filed its complaint on November 4, 2014. Doc. 1. On December 12, 2014, Defendant filed a motion to dismiss the complaint, which the Court granted on April 17, 2015. Doc. 52. On March 6, 2015, the Court entered a Case Management and Scheduling Order ("CMSO") setting forth a trial term of April 4, 2016 and a final pretrial conference to take place on March 21, 2016. Doc. 51 at 2. The CMSO also set the following pretrial deadlines: September 4, 2015 for Plaintiff's disclosure of expert reports, September 18, 2015 for Defendant's disclosure of expert reports, and October 9, 2015 for rebuttal expert reports; November 2, 2015 for discovery; November 20, 2015 for mediation; December 1, 2015 for dispositive, *Daubert*, and *Markman* motions; January 22, 2016 for meeting in person to prepare the joint final

pretrial statement; and, February 1, 2016 for the joint final pretrial statement; February 12, 2016 for all other motions and trial briefs. Doc. 51 at 1-2.

On May 1, 2015, Plaintiff filed its first amended complaint (Doc. 53), which Defendant again moved to dismiss on June 5, 2015. Doc. 58. On June 26, 2016, Defendant filed a Motion to Stay Discovery and Pretrial Deadlines ("first motion to stay") pending the Court's ruling on Defendant's motion to dismiss and a Motion to Transfer, which it had pending. See Docs. 57, 58, 61. On July 30, 2015, the Court denied Defendant's first motion to stay. Doc. 69. Subsequently, the Court entered an Order granting Plaintiff leave to amend its First Amended Complaint to remove allegations that would necessitate transfer of this case pursuant to a forum selection clause. Doc. 73. Accordingly, the Court denied Defendant's motion to dismiss and first motion to stay. *Id.*

On August 31, 2015, the parties jointly requested an extension of the case management and scheduling deadlines. Doc. 70. As good cause, the parties cited the inability to complete expert and fact discovery within the time frame outlined in the CMSO and their desire to continue discussing a potential resolution of the matter. *Id.* at 1. The Court granted their request and amended the CMSO. Doc. 72.

On November 2, 2015, Plaintiff filed its Second Amended Complaint (Doc. 75), which Defendant moved to dismiss on November 16, 2015. Doc. 78. On April 28, 2016, the parties filed their second motion to extend the case management and scheduling order deadlines. Doc. 83. The parties alleged the same exact reasons as in their first request as good cause necessitating the extensions. *Id.* at 1. Moreover,

they asserted that they were engaged in good faith settlement negotiations. *Id*. The Court again granted their motion and amended the CMSO deadlines. Doc. 85.

After the Court denied in part and granted in part Defendant's second motion to dismiss (Doc. 86), on June 1, 2016, Defendant filed its Motion for Certification of Interlocutory Appeal and Supporting Memorandum of Law. Doc. 92. Subsequently, on June 10, 2016, the parties filed a joint motion to stay the case pending resolution of Defendant's Motion for Certification of Interlocutory Appeal, which the Court granted on June 22, 2016. Docs. 95, 96 at 2. On August 19, 2016, the Court entered an Order denying Defendant's Motion for Certification of Interlocutory Appeal, and directed the Clerk to lift the stay. Doc. 104 at 5. Thus, the stay was in effect from June 22, 2016 to August 19, 2016.

In the instant motion filed on September 21, 2016, the parties request a third extension of their CMSO deadlines. Doc. 107. The current deadlines, as amended, are as follows: May 24, 2016 for Plaintiff's disclosure of expert reports, June 24, 2016 for Defendant's disclosure of expert reports, and July 12, 2016 for rebuttal expert reports; July 5, 2016 for discovery; July 20, 2016 for mediation; August 1, 2016 for dispositive, *Daubert*, and *Markman* motions; August 22, 2016 for meeting in person to prepare the joint final pretrial statement; September 1, 2016 for the joint final pretrial statement, and; October 12, 2016 for all other motions and trial briefs. Doc. 85 at 1-2. The final pretrial conference is currently scheduled for November 14, 2016 and the trial term is scheduled for December 5, 2016. *Id*. at 2.

The parties request a continuation of the trial term to June 26, 2017, nearly seven months after the current trial term. Doc. 107 at 2-3. The parties also request similar extensions of all the previously mentioned deadlines. *See id.* As support for their motion, the parties cite the brief two-month stay of this case while Defendant's Motion for Certification of Interlocutory Appeal was pending; however, the parties have offered no reason or rationale why nearly a seven month extension of all the deadlines are warranted, particularly in light of the fact that the Court has previously granted two requests for extensions. Docs. 72, 85. The parties merely state: "Following the lifting of the stay, the parties met and prepared a revised case management schedule that will provide adequate time for the completion of expert and fact discovery." *Id.*

District courts have broad discretion when managing their cases in order to ensure that the cases move to a timely and orderly conclusion. *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). Rule 16 requires a showing of good cause for modification of a court's scheduling order. Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F. 3d 1417, 1418 (11th Cir. 1998) (internal quotations and citations omitted). Here, the Court is mindful that this case was briefly stayed and that would necessitate adjusting some of the deadlines accordingly. However, in light of the previous extensions, the parties have not offered good cause to grant the requested

extensions.[1]   Moreover, the parties were warned fairly early in the litigation when the Court entered the CMSO that "[m]otions for an extension of other deadlines established in this order, including motions for an extension of the discovery period, are disfavored."  Doc. 51 at 3.  Accordingly, the Court will grant the motion in part but not to the extent the parties request.  The trial term will be continued to March 6, 2017 and the remaining deadlines will be outlined in a separate amended case management and scheduling order.

The parties also request a date certain for trial, which is due to be denied. Doc. 107 at 2.  As the parties were informed by the CMSO, "[a] case scheduled for trial before a United States District Judge normally will be called for trial on the first day of the trial term . . . or as soon as possible in light of the Court's felony and civil trial calendar."  Doc. 51 at 8.  On the other hand, a case scheduled for trial before a United States Magistrate Judge, upon consent of the parties, will be called for trial on a date certain.  *Id.* at 9.  If the parties wish a date certain, they may consent to proceed before a magistrate judge.[2]  *Id.*  The consent must be unanimous.  *Id.*

Additionally, the parties also request that the Court include a date certain for the responses to dispositive motions and *Daubert* motions and a date certain for replies in support of dispositive motions and *Daubert* motions.  These requests are due to be denied.  The deadline for filing a response to a motion, including a dispositive of *Daubert* motion, is squarely laid out in Local Rule 3.01(b).  M.D. Fla.

---

[1] Additionally, the Order lifting the stay was entered on August 19, 2016.  Doc. 104.  The parties filed the instant motion on September 21, 2016, one month after the stay was lifted.
[2] Consent forms are available at http://www.flmd.uscourts.gov.

R. 3.01(b). The method by which a party may seek to file a reply to a response is squarely laid out in Local Rule 3.01(c). M.D. Fla. R. 3.01(c). The parties shall comply with these rules.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Joint Motion to Extend Case Management and Scheduling Deadlines (Doc. 107) is **GRANTED** in part and **DENIED** in part. An amended case management and scheduling order will be entered under separate cover.

**DONE** and **ORDERED** in Fort Myers, Florida on this 5th day of October, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record