**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

E-VENTURES WORLDWIDE, LLC,
9045 Strada Stell Court, Suite 103,
Naples, Fl 34109

Plaintiff,

v. Case No: 2:14-cv-646-FtM-29CM

GOOGLE, INC.,

Defendant.

---

**ORDER**

This matter comes before the Court upon review of the Limited Joint Motion to Extend Case Management and Scheduling Order Deadline Only as to Mediation (Doc. 112), filed on October 24, 2016. For the reasons that follow, the motion is granted in part and denied in part.

On October 5, 2016, the Court entered an order extending the parties' mediation deadline from July 20, 2016 to November 1, 2016. Docs. 108 at 3; 109 at 1. Based on the parties' Notice of Mediator Selection (Doc. 54), the Court appointed James L. Nulman as the mediator. Doc. 109 at 1. The parties now request to select an alternate mediator and to extend the mediation deadline to November 18, 2016. Doc. 112 at 1. The parties state that Plaintiff has had both verbal and written contact with Mr. Nulman's office on October 12, 13, 14 and 18 in a good faith effort to schedule mediation; however, Mr. Nulman is not available for mediation until January 2017. *Id.* Mr. Nulman has provided the parties a list of alternate

mediators, whom the parties state they are considering in good faith. *Id.* Based on these circumstances, the Court finds good cause to grant the extension. *See* Doc. 108 at 4. The parties, therefore, shall have up to and including November 18, 2016 to complete mediation.

In addition, the parties also request that they be permitted to attend a "virtual mediation, meaning a video conference conducted by remote electronic means similar to the manner in which remote depositions occur pursuant to Federal Rule 30(b)(4)." *Id.* They state that scheduling mediation is "complicated by the fact that the parties and their counsel are spread across the country." *Id.* at 2. This request is due to be denied.

Since the early stages of this case, the parties were well aware of their obligation to personally appear at the court-ordered mediation. The in-person requirement of court-annexed mediation is laid out in the initial Case Management and Scheduling Order ("CMSO") entered on March 6, 2016 as follows:

> Each attorney acting as lead trial counsel, and each party (and in the case of a corporate party, a corporate representative) with full authority to settle, shall attend and participate in the mediation conference. . . . The Court will impose sanctions upon lead counsel and parties who do not attend and participate in good faith in the mediation conference.

Doc. 51 at 7. Similarly, Local Rule 9.05 provides that all parties, corporate representatives, and any other required claims professionals must be present at the mediation conference unless otherwise excused by the presiding judge. M.D. Fla. R. 9.05. This Court previously has explained, "[t]he rationale behind the requirement that a party attend the mediation in person is so that the party may actively

participate in the discussions and negotiations." *Hernandez v. Wilsonart Int'l, Inc.*, No. 2:09-CV-747-FTM, 2011 WL 899469, at *1 (M.D. Fla. Mar. 15, 2011). Moreover, "Court-ordered mediation with each party physically present facilitates compromise and resolution, which saves the parties', the [C]ourt's, and the public's resources-in other words, saves them a burden." *Chancey v. Hartford Life & Acc. Ins. Co.*, 844 F. Supp. 2d 1239, 1241 (M.D. Fla. 2011). For the Court to dispense with this important in-person requirement, the party seeking it must be provide a compelling basis to do so. *Collazo v. United States*, No. 8:14-cv-2326-T-33MAP, 2015 WL 1138484, at *2 (M.D. Fla. Mar. 13, 2015).

All that the parties provide here is that scheduling mediation is complicated by the fact that the parties and their counsel are spread across the country. This is not a compelling reason. This case has been pending in the Middle District of Florida since November 2014. Doc. 1. Mediation is a standard component of modern litigation, and the parties were on notice of the in-person requirement since early 2015. Thus, the parties' obligation to arrange travel to attend mediation was foreseeable long before they filed the instant motion.

The parties seem to further allude that the "fast-approaching deadline for mediation" is a compelling reason to allow them to participate in a virtual mediation. Doc. 112 at 2. As the Court outlined in the last Order granting the parties' third request to amend the case deadlines, the parties requested a nearly seven-month extension of all deadlines due to a brief two-month stay of this case;[1] however, they

[1] The stay was in effect from June 22, 2016 to August 19, 2016. Docs. 96 at 2; 105 at 5.

offered no reason or rationale why nearly a seven-month extension of all the deadlines was warranted, particularly in light of the fact that the Court had previously granted two requests for extensions. Doc. 108 at 4. Moreover, the Court lifted the stay on August 19, 2016 (Doc. 104 at 5); however, it appears that the parties did not contact Mr. Nulman's office to complete their mediation requirement until October 12, 2016. Thus, any difficulty in scheduling the mediation within a timely manner could have been avoided by the parties' due diligence. Parties have been required to personally attend mediation under harsher circumstances. *See Callazo*, 2015 WL 1138484, at *2.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Limited Joint Motion to Extend Case Management and Scheduling Order Deadline Only as to Mediation (Doc. 112) is **GRANTED** in part and **DENIED** in part.

2. The parties shall have up to and including **November 18, 2016** to complete mediation.

3. All directives in the Case Management and Scheduling Order (Doc. 51), including those pertaining to attendance requirements at mediation (Part IV.D.3.) remain in effect.

**DONE** and **ORDERED** in Fort Myers, Florida on this 26th day of October, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record