UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

E-VENTURES WORLDWIDE, LLC,

    Plaintiff,

v.                                            Case No: 2:14-cv-646-FtM-PAM-CM

GOOGLE, INC.,

    Defendant.

## ORDER

This matter comes before the Court upon review of E-Ventures' Motions to Seal Information Designated by Google as Confidential or Highly Confidential (Docs. 129, 131, "motions to seal") filed on November 14, 2016. Plaintiff seeks permission to file under seal unredacted versions of its Rule 37 Motion for Sanctions for Google's Failure to Sit a Prepared Corporate Representative for Google's Deposition Under Federal Rule of Civil Procedure 30(b)(6) (Doc. 128, "motion for sanctions"), along with its attached Exhibits 1, 4, 5, 6, 8, 9, 10, 11, and its Motion to Compel Disclosure and Modify the Protective Order with Supporting Memorandum of Law (Doc. 130, "motion to compel"), along with its attached Exhibits 2, 3, 4, 5, 6, 7, and 9.

Plaintiff seeks permission to file under seal the unredacted versions of these motions so as to comply with an "Agreed Protective Order For The Treatment of Confidential Information"[1] dated October 27, 2015. Doc. 131 at 1. Plaintiff states

---

[1] On October 30, 2015, the parties filed a Joint Motion for Entry of Agreed Protective Order for the Treatment of Confidential Information, which the Court denied as moot on the basis that the parties previously were informed "[t]here is no need for the Court to endorse the

that Defendant has designated as confidential certain information contained in its motion for sanctions and motion to compel; however, Plaintiff takes no position on whether the information designated confidential or highly confidential should be sealed. *Id.* at 2.

Pursuant to Local Rule 1.09(a),

[u]nless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section.

M.D. Fla. Rule 1.09(a). Upon review, the Court finds that Plaintiff has not complied with Local Rule 1.09(a). This may be so because Plaintiff takes no position on whether the information designated by Defendant as confidential should be sealed.

Additionally, however, the rule clearly states that "[t]he movant shall not file or otherwise tender to the Clerk any item proposed for sealing *unless* the Court has granted the motion required by this section." M.D. Fla. Rule 1.09(a) (emphasis added). Despite this directive, Plaintiff has filed two motions that remain pending and are substantially redacted to the point where the Court cannot decipher a majority of their content. Docs. 128; 130. Instead of heeding the directives of Local

---

confidentiality agreement." Docs. 74, 75. The Court's scheduling order states, "[w]hether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential . . ." Doc. 51 at 4.

Rule 1.09(a) and this Court's prior order, Plaintiff has filed these motions which the Court cannot even decipher. *See* Doc. 51 at 4. This is not surprising since the motions were filed on the final day of the discovery deadline, which was November 14, 2016, and the Court's scheduling order specifically states that it "may deny as untimely all motions to compel filed after the discovery deadline." Doc. 51 at 3. Accordingly, the Court will deny Plaintiff's motion for sanctions and motion to compel with the current redactions because the Court cannot decipher their content, and will temporarily grant the motions to seal because they relate to discovery content that Defendant has deemed highly confidential. Should Plaintiff chose to refile its motions to compel and for sanctions under seal, Defendant must file a motion in compliance with M.D. Fla. Rule 1.09(a) within five business days of their filing, after which the Court will determine whether the motions will remain under seal.

ACCORDINGLY, it is hereby

**ORDERED:**

1. E-Ventures' Motions to Seal Information Designated by Google as Confidential or Highly Confidential (Docs. 29, 30) are **GRANTED**. Plaintiff may temporarily refile under seal its Rule 37 Motion for Sanctions for Google's Failure to Sit a Prepared Corporate Representative for Google's Deposition Under Federal Rule of Civil Procedure 30(b)(6), along with its attached Exhibits 1, 4, 5, 6, 8, 9, 10, 11, and its Motion to Compel Disclosure and Modify the Protective Order with Supporting Memorandum of Law, along with its attached Exhibits 2, 3, 4, 5, 6, 7, and 9. If so, Defendant shall, within five business days, file a motion in compliance with M.D. Fla.

Rule 1.09(a) to keep these motions under seal. Defendant's failure to comply with this Order will result in the Court unsealing the motions.

    2.    Plaintiff's Rule 37 Motion for Sanctions for Google's Failure to Sit a Prepared Corporate Representative for Google's Deposition Under Federal Rule of Civil Procedure 30(b)(6) is **DENIED without prejudice.**

    3.    Plaintiff's Motion to Compel Disclosure and Modify the Protective Order with Supporting Memorandum of Law (Doc. 130) is **DENIED without prejudice.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 17th day of November, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record