**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| e-ventures Worldwide, LLC,<br><br>    Plaintiff,<br><br>        v.<br><br>GOOGLE, INC.,<br><br>    Defendant. | Civil Action No.  2:14-cv-646-FtM-PAM-CM |

**PLAINTIFF'S MOTION TO SEAL**

Pursuant to Rule 1.09 of the Local Rules of the United States District Court for the Middle District of Florida, plaintiff e-ventures Worldwide, LLC moves this Court for an order sealing a copy of Exhibits 5, 6, 7, 8, 19 and 20 (collectively, the "Proposed Exhibits") to the Declaration of Sinead Rafferty In Support of E-ventures' Opposition to Google's Motion for Summary Judgment, dated December 12, 2016 (the "Rafferty Dec."), and e-ventures' Opposition to Google's Motion for Summary Judgment (the "Opposition to SJ Motion") to be filed on December 15, 2016.

In sum, e-ventures designated its business and trade secret information produced to Google in this action as confidential or highly confidential under the Agreed Protective Order for the Treatment of Confidential Information, dated October 27, 2014 (ECF 134) (the "APO"). Public disclosure of that information would cause irreparable harm to e-ventures, and the public's interest to that information is not substantially outweighed by the need to protect e-ventures' trade secrets and confidential business information.

In support of this motion, e-ventures states:

1. Sealing documents is governed by Local Rule 1.09:

   Unless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. No settlement agreement shall be sealed absent extraordinary circumstances, such as the preservation of national security, protection of trade secrets or other valuable proprietary information, protection of especially vulnerable persons including minors or persons with disabilities, or protection of nonparties without either the opportunity or ability to protect themselves. Every order sealing any item pursuant this section shall state the particular reason the seal is required.

Local Rule 1.09 of the United States District Court for the Middle District of Florida.

2. In the Opposition to SJ Motion, e-ventures relies on its trade secret and confidential business information. During discovery, e-ventures produced documents designated as confidential or highly confidential in response to Google's discovery demands. Also, Google deposed e-ventures' managing member, Mr. Jeev Trika, along with e-ventures through a designee under Rule 30(b)(6) of the Federal Rules of Civil Procedure, and e-ventures' expert, Jeremy Paton.

3. Here, e-ventures requests the Proposed Exhibits and the Opposition to SJ Motion remain under seal because they contain e-ventures' confidential business and trade secret information:

   a. Proposed Exhibits 5 and 6 are the transcripts of deposition of Mr. Jeev Trika, the managing member of e-ventures, and of e-ventures' corporate designee under Rule

30(b)(6) of the Federal Rules of Civil Procedure. Those transcripts contain sworn testimony relating to e-ventures' trade secrets, internal business practices, proprietary business information, financial information, and product pricing information.

        b.        Proposed Exhibit 7 is the transcript of the deposition of e-venture's expert, Jeremy Paton, who testified as to specific trade secret information of the structure of e-ventures' websites.

        c.        Proposed Exhibit 8 is the report of e-ventures' expert, Jeremy Paton, who detailed specific trade secret information of the structure of e-ventures' websites.

        d.        Proposed Exhibit 18 is a spreadsheet generated by e-ventures' detailing its client contracts, internal business practices, proprietary business information, financial information, and product pricing information.

        e.        Proposed Exhibit 19 is a series of emails containing private communications and negotiations between e-ventures and its clients about contracts.

4.        The Proposed Exhibits and the Opposition to SJ Motion must be sealed in order to protect e-ventures' trade secrets and confidential business information contained therein.

5.        e-ventures is not aware of any means other than sealing that would satisfactorily preserve or protect its confidential information contained in the Proposed Exhibits and the Opposition to SJ Motion.

6.        The duration of the sealing order should be for one year, which should be subject to e-ventures' right to seek renewal of the seal by a motion complying with Local Rule 1.09(c).

**MEMORANDUM OF LEGAL AUTHORITY**

7.        In order seal a document, the court must balance the competing interests of trade secret protection and the public's right of access to documents. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001); *Federal Trade Commission v.*

*Alcoholism Cure Corp.*, 2010 WL 4840046 (M.D. Fla. 2010); *Jadael, Inc. v. Elliott*, 2006 WL 2830872 (M.D. Fla. 2006). In balancing a party's interest in keeping the information confidential against the public interest in accessing court documents, courts consider the following factors:

    (a)    whether allowing access would impair court functions or harm legitimate privacy interests;

    (b)    the degree and likelihood of injury if made public;

    (c)    the reliability of the information;

    (d)    whether there will be an opportunity to respond to the information;

    (e)    whether the information concerns public officials or public concerns; and

    (f)    the availability of a less onerous alternative to sealing the documents.

*Federal Trade Commission*, 2010 WL 4840046 at *3.

    8.    Those factors weigh in favor of sealing e-ventures' confidential information in the Proposed Exhibits and Opposition to the SJ Motion. The public disclosure of e-ventures' confidential information would cause substantial injury to e-ventures' legitimate privacy interests in its trade secrets, internal business practices, proprietary business information, financial information, and product pricing information. Court functions would not be impaired by sealing. The Proposed Exhibits and the Opposition to the SJ Motion do not concern public officials or public concerns. And there is no less onerous alternative to sealing the Proposed Exhibits and the Opposition to the SJ Motion.

    9.    A court may take reasonable steps to preserve confidential trade secret information, including sealing the records of an action, without a formal finding that the information actually qualifies for trade secret protection. *Jadael, Inc.*, 2006 WL 2830872 at *1 (granting motion to seal). Accordingly, the Court should exercise its discretion to seal the

Opposition to the SJ Motion and the Exhibits 5, 6, 7, 8, 19 and 20 to the Rafferty Dec.

WHEREFORE, e-ventures requests entry of an order by the Court granting the motion and directing the Clerk to keep sealed the Opposition to the SJ Motion and Exhibits 5, 6, 7, 8, 19 and 20 to the Rafferty Dec., together with such other and further relief as the Court deems just and proper.

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Pursuant to Local Rule 3.01(g), the undersigned counsel for plaintiff certifies to having conferred with counsel for the defendant about the confidentiality of e-ventures' information in the Opposition to the SJ Motion and Exhibits 5, 6, 7, 8, 19 and 20 to the Rafferty Dec., and defendant "can't take a position on whether [the information] should be sealed" because they "have no idea" what e-ventures' Protected Information e-ventures plans on using despite counsel for e-ventures having informed them on December 12 and 13, 2016 that the Protected Information includes e-ventures Opposition the SJ Motion, the specific pages of the transcripts for e-ventures' 30b(6) deposition, Mr. Trika's deposition, Mr. Paton's deposition as well as Mr. Paton's Report and various e-ventures' emails and e-ventures' customer list.

Dated: December 13, 2016                                   Respectfully submitted,

                                                      By: /s/ Sinead Rafferty
                                                      RICHARD S. GORA (admitted *pro hac vice*)
                                                      SINEAD A. RAFFERTY (admitted *pro hac vice*)
                                                      Gora LLC
                                                      9 W. Broad Street, Suite 550
                                                      Stamford, CT 06902
                                                      Tel.: 203-424-8021
                                                      rich@goralaw.com
                                                      sinead@goralaw.com

                                                      MATHEW WAGONER (admitted *pro hac vice*)
                                                      The Wagoner Firm, PLLC
                                                      8 Thurlow Terrace
                                                      Albany, NY 12203

      matt@thewagonerfirm.com

      IAN THOMAS HOLMES (Fla. Bar No. 44193)
      DAVID FRASER (Fla. Bar No. 91085)
      Holmes Kurnik, P.A.
      711 5th Ave S., Suite 200
      Naples, FL 34102-6628
      iholmes@holmeskurnik.com

      *Counsel for Plaintiff*
      *e-ventures Worldwide, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2016, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system.

      By:  */s/ Sinead Rafferty*
              Sinead Rafferty