UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| E-VENTURES WORLDWIDE, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>GOOGLE INC.,<br><br>     Defendant. | Case No.: 2:14-cv-00646-PAM-CM |

**GOOGLE INC.'S MOTION TO SEAL INFORMATION DESIGNATED AS CONFI-
DENTIAL OR HIGHLY CONFIDENTIAL**

BRIAN M. WILLEN (admitted *pro hac vice*)
Wilson Sonsini Goodrich & Rosati
1301 Avenue of the Americas, 40th Floor
New York, NY  10019
(212) 497-7700

NATHAN BERMAN, Fla. Bar No. 0329230
Zuckerman Spaeder LLP
101 East Kennedy Blvd.
Suite 1200
Tampa, FL 33602
(813) 221-1010

*Counsel for Google Inc.*

In response to the Court's order, dated December 1, 2016 (ECF 135), and pursuant to Rule 1.09 of the Local Rules of the United States District Court for the Middle District of Florida, Defendant Google Inc. ("Google") moves this Court for an order permitting Plaintiff e-ventures Worldwide, LLC ("e-ventures") to file under seal a copy of excerpts from the Depositions of Brandon Falls and Brian White and the Rule 30(b)(6) Deposition of Google Inc., the incident report compiled by Brandon Falls during his investigation of e-ventures' websites, internal training and reference documents used by Google's Search Quality team, internal Google communications, and sections of e-ventures' Opposition brief discussing those materials (collectively, the "Confidential Materials").

In a December 12, 2016 email, counsel for e-ventures indicated to Google that it intended to use the Confidential Materials in connection with its Opposition to Google's Motion for Summary Judgment (ECF 138). This preliminary identification listed hundreds of pages of documents and the entirety of four deposition transcripts, without identifying specific materials that e-ventures sought to use. The next day (December 13), e-ventures provided Google with the pages of the deposition transcripts Plaintiff sought to use. Based on the information provided, Google promptly determined what Protected Material was in the identified ranges, confirmed the factual basis for keeping the information confidential, and filed this motion to identify the factual bases for sealing the material at issue.

The Google Confidential Materials that e-ventures apparently intends to use contain highly sensitive business and trade secret information produced by Google to e-ventures in this action and designated by Google as confidential or highly confidential under the parties' Agreed Protective Order for the Treatment of Confidential Information, dated October 27, 2014 (ECF 134) (the "APO"). Public disclosure of that information would cause irreparable harm to Google, and the public's interest to that information is not substantially outweighed by the need to protect Google's trade secrets and confidential business information.

> Sealing of documents is governed by Local Rule 1.09:
>
> Unless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. No settlement agreement shall be sealed absent extraordinary circumstances, such as the preservation of national security, protection of trade secrets or other valuable proprietary information, protection of especially vulnerable persons including minors or persons with disabilities, or protection of non-parties without either the opportunity or ability to protect themselves. Every order sealing any item pursuant this section shall state the particular reason the seal is required.

Local Rule 1.09 of the United States District Court for the Middle District of Florida.

In its order of December 1, 2016 (ECF 135), the Court directed the parties to "confer with each other well in advance regarding any pleadings they intend to file with the Court that may contain information designated as 'confidential' by the opposing party. If the opposing party insists that any information contained is 'confidential,' it shall be the burden of that party to move for an order to allow the opposing party to file its pleading under seal." ECF 135 at 2-3. Google requests that the Confidential Materials be filed under seal because they contain Google's confidential business and trade secret information. The Confidential Materials comprise excerpts from the following depositions transcripts and documents (Plaintiff has not informed Google what the exhibit numbers will be for these materials):

- The October 27, 2016 Rule 30(b)(6) deposition of Google, where Google's corporate representative discussed the internal procedures, tool names, penalty names used by Google's Search Quality Team.

- The October 28, 2016 deposition of Brandon Falls, where Mr. Falls further discussed the internal procedures, tool names, penalty names used by Google's Search Quality Team.

- The November 2, 2016 deposition of Brian White, where Mr. White further discussed the internal procedures, tool names, penalty names used by Google's Search Quality

    Team.

- The incident report Brandon Falls compiled during his investigation of e-ventures' websites. In this report, Mr. Falls listed the internal names of the tools used by the Search Quality team, the names of manual actions that Google uses to fight webspam, and the names of flags that Google uses to identify particular types of webspam. This document is stamped with the Bates numbers GOOG_EVTS_00001997.R-2052.R

- Internal training and reference documents written by the Search Quality team. These guidelines are consistent with Google's public Webmaster Guidelines except that they contain additional details and step-by-step directions for internal use by the Search Quality team. These details and directions refer to internal tool and manual action names and also describe how Google identifies webspam and implements manual actions, including prioritizing different forms of webspam in different contexts. These documents are stamped with the Bates numbers GOOG_EVTS_00000840.R-1087.R.

- Internal email communications describing the incident report discussed above, the internal tool names used in preparing the report, and details about Google's internal policies for fighting webspam. These communications include emails between Mr. Falls, Mr. White, and his manager Cody Kwok, discussing the incident report. These emails reference the internal tool names used to investigate and take action against e-ventures' websites. These emails also include internal names and descriptions of the protocols used by our team to assign and execute various steps in our spam fighting process. These documents are stamped with the Bates numbers GOOG_EVTS_00000757-761, GOOG_EVTS_00000762.R-768.R, GOOG_EVTS_00000771.R-775.R and GOOG_EVTS_00000776-809.

- Sections of the brief of e-ventures in Opposition to Google's Motion for Summary Judgment discussing the above materials.

    e-ventures has indicated to Google that it wants to use the Confidential Materials in connection with its Opposition to Google's Motion for Summary Judgment. But Plaintiff has not explained how it intends to use those materials, so Google cannot take any position on whether it is "necessary" for e-ventures to do so within the meaning of Local Rule 1.09.

    The Confidential Materials must be kept under seal in order to protect the sensitive information contained therein. As described below, and in the Declaration of Brandon Falls in Support of Google's Motion to Seal ("Falls Decl."), public disclosure of these materials would cause irreparable harm to Google, and Google is not aware of any other means than sealing that would satisfactorily preserve or protect its confidential information contained in the Confidential

Materials. The duration of the sealing order should be for one year, which should be subject to Google's right to seek renewal of the seal by a motion complying with Local Rule 1.09(c).

**MEMORANDUM OF AUTHORITY IN SUPPORT OF GOOGLE'S MOTION**

The common-law right of access to materials filed in connection with dispositive motions "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (citation omitted) (internal quotation marks omitted). "When balancing these interests, 'courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" *Id.* (quoting *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001)).

It is clear that the need to keep sensitive business information confidential can satisfy this standard. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (The presumption of access "has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing."); *Cognotion, Inc. v. Grace Hill, LLC*, CV 115-201, 2016 U.S. Dist. LEXIS 50445, at *3 (S.D. Ga. Apr. 14, 2016) ("Courts have found that a company's interest in the privacy of its financial records and the terms of confidential agreements, however, often outweigh the public right of access."); see also Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.").

In particular, where the information at issue comprises confidential business information,

and the information would harm the moving party's ability to compete in the market place, courts have found sealing appropriate. *Narcoossee Acquisitions, LLC v. Kohl's Dep't Stores, Inc.*, Case No. 6:14-cv-203-Orl-41TBS, 2014 U.S. Dist. LEXIS 120376, at *7 (M.D. Fla. Aug. 28, 2014) (granting motion to seal where information at issue "would reveal how Kohl's structures its store leases and Kohl's would be harmed competitively if this information were disclosed to its competitors and other potential landlords."). *Tiger v. Dynamic Sports Nutrition, LLC*, No. 6:15-cv-1701-Orl-41TBS, 2016 U.S. Dist. LEXIS 50367, at *3 (M.D. Fla. Apr. 14, 2016) (granting motion to seal confidential sales information where "a competitor could use the data to Defendant's detriment by targeting its efforts in specific areas where Defendant has stronger sales.").

      The information in the Confidential Materials clearly meets this standard. As described in detail in Google's Motion for Summary Judgment (ECF 138), Google expends considerable resources identifying and fighting various tactics intended by website operators to manipulate Internet search results so that certain websites are ranked more highly than they should be by Internet search engines, known as "webspam." *See also* Falls Decl. ¶¶ 2-5, 7. Google's efforts to combat webspam would be frustrated and harmed if parties engaging webspam were privy to the details of Google's efforts to detect and remove it. *Id.* ¶ 8. In particular, the names and technical details of the tools, flags, penalties, and procedures and guidelines used by Google's Search Quality team could readily be abused if they fell into the wrong hands. *Id.* Having this information would create a road map for a sophisticated spammer to circumvent Google's webspam fighting efforts, allowing the spammer to improperly manipulate search rankings and results, and damaging Google reputationally. *Id.* It is for these reasons that Google closely guards the confidentiality of these materials through technological controls, restricted access, and employee training and policies. *Id.* ¶ 6.

      The Confidential Materials at issue here contain exactly this information. The deposition excerpts and documents discuss and disclose the internal names of tools used by the Search

Quality team, the names of manual actions that Google uses to fight webspam, and the names of flags that Google uses to identify particular types of webspam. *Id.* ¶¶ 11-18. They discuss the technical details of the operations of the tools, the demotion and removal process, the Search Quality team's review process, and they describe how Google identifies webspam and implements manual actions, including best practices for prioritizing actions against specific forms of webspam in specific contexts. *Id.* Because of the sensitivity of this testimony and these documents, Google has designated all of it "Confidential" or "Highly Confidential – Attorney's Eyes Only" under the APO. *Id.* ¶¶ 9, 11-14, 19.

Allowing the Confidential Materials to be publicly disclosed would harm Google's legitimate privacy interests in protecting its confidential business information. Indeed, the likelihood of harm from releasing the Confidential Materials is virtually certain, and the degree of harm is severe. *Id.* ¶¶ 11, 12, 15, 20. Google has produced all of the Confidential Materials in fully unredacted form to e-ventures, and there is therefore no concern about e-ventures' ability to respond to or utilize the information in its own case. Nor do the Confidential Materials discuss public officials or public concerns. Because of the extensive discussion of sensitive materials and information in the Confidential Materials, and because e-ventures has indicated to Google that it intends to reference these materials in support of its Opposition to Google's Motion for Summary Judgment, there is no less onerous alternative to sealing the documents. Indeed, a court in this district recently recognized the propriety of sealing internal procedural documents, disclosure of which would help third parties circumvent internal controls. *Fid. Nat'l Fin., Inc v. Attachmate Corp.*, No. 3:15-CV-1400-J-20PDB, 2016 U.S. Dist. LEXIS 154036, at *4 (M.D. Fla. Nov. 7, 2016) ("The [sealed material] contains detailed information concerning Attachmate's unique, confidential procedures for ensuring compliance with the software licenses it sells. Attachmate's clients could unfairly use the portal to frustrate its audit procedures, and its competitors could unfairly use the portal to gain a competitive advantage over it."). This Court should do the same.

## CONCLUSION

For the reasons stated above, Google respectfully requests that the Court issue an order permitting e-ventures to file the Confidential Materials under seal.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Pursuant to Local Rule 3.01(g) the undersigned counsel for defendant certifies to having conferred with counsel for the plaintiff about the confidentiality of the Confidential Materials. Plaintiff has consented to Google's motion to seal these documents for purposes of the summary judgment briefing and without prejudice to any position at any trial.

Dated: December 13, 2016                                Respectfully submitted,

/s/ NATHAN M. BERMAN
NATHAN BERMAN, Fla. Bar No. 0329230
Zuckerman Spaeder LLP
101 East Kennedy Blvd.
Suite 1200
Tampa, FL 33602
(813) 221-1010
Email: nberman@zuckerman.com

BRIAN M. WILLEN (admitted *pro hac vice*)
Wilson Sonsini Goodrich & Rosati
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
(212) 497-7700
Email: bwillen@wsgr.com

*Counsel for Google Inc.*

-8-

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2016, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system.

/s/ Nathan M. Berman
Nathan M. Berman
